**David B. BOWMAN, Plaintiff,**

v.

**The CITY OF INDIANAPOLIS, et al., Defendants.**

**No. IP 91–785 C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 22, 1994.

Shannon B. Adams–Bowman, Indianapolis, IN, for plaintiff.

Frederick A. Roetter, Office of Corp. Counsel, Indianapolis, IN, for defendants.

ENTRY

BARKER, Chief Judge.

David B. Bowman ("Bowman") and the City of Indianapolis, *et al.* ("Defendants"), bring cross motions for summary judgment.

For the reasons stated below, we grant Defendants' motion for summary judgment in part and deny it in part and deny Plaintiff's motion for summary judgment as to both counts.

## I.  BACKGROUND

Plaintiff Bowman joined the Indianapolis Police Department ("IPD") on October 7, 1963, and during the relevant time period of his employment, held the positions of field lieutenant, field captain, and coordinator at the Municipal Garage from April, 1986, through August, 1989.  The Defendants named in Bowman's amended complaint are: the City of Indianapolis, Stephen Goldsmith, the Mayor of Indianapolis, Paul Annee, who served as Chief of Police during the events in question, James Toler, current Chief of Police, James Campbell, Deputy Chief of Operations, Cicero Mukes, Richard Dorsey, Jack Sandlin, and Michael Zunk, all of whom were police officers in the IPD.  On April 19, 1986, IPD issued General Order No. 20.03 [1] under which all sergeants, lieutenants, and captains were classified as exempt executive or administrative employees who are not subject to the overtime requirements of the Fair Labor Standards Act ("FLSA").  Because Bowman was classified as exempt, he received no overtime pay for the hours that he worked beyond a normal 40 hour work-week.  Bowman claims that he consistently worked more than 40 hours per week without additional compensation.

Around 1972, Bowman began working part-time for Mel Simon & Associates.  Bowman encountered few problems with his part-time work until 1988, when Michael Zunk reported to Paul Annee, Bowman's superior officer, that Bowman had submitted misleading records indicating that he was working for IPD, when in fact, he was working at his part-time job.  After Annee referred the work hours conflict to the Prosecutor's office,

Bowman was indicted on one count of attempted theft, five counts of theft and six counts of official misconduct.  In March, 1988, Annee suspended him for six months without pay.  When Bowman returned from his suspension, he was assigned to be a coordinator at the Municipal Garage.  On July 18, 1989, a jury convicted Bowman of one count of theft and four counts of official misconduct and acquitted him of three counts of theft, two counts of attempted theft, and two counts of official misconduct.  After his conviction, Bowman unwillingly resigned from the police force on August 19, 1989.  *See* Amended Complaint, at ¶ 62.

Bowman now alleges that during the time periods in which General Order 20.03 was effective, he was a non-exempt employee under the Fair Labor Standards Act ("FLSA") and thus was entitled to overtime compensation; moreover, he claims that Defendants misrepresented his status under the FLSA, thus costing him his job and other damages.  His amended complaint filed on June 29, 1993, alleges two counts based on the FLSA and common law fraud.  Both sides now move for summary judgment as to all counts.

## II.  DISCUSSION

### A.  Summary Judgment Standards

▆▆▆ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c).  While the burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case", *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91

---

1. The relevant portions of the General Order provide as follows:

   III.  OFFICERS COVERED BY THE [FAIR LABOR STANDARDS] ACT

   .  .  .  .  .

   B.  Exempt employees: In accordance with their job duties, employees in the ranks of sergeant, lieutenant, and captain are exempt

from coverage under the FLSA as executives or administrators, as those therms are defined under the Act.  Work scheduling and overtime for exempt employees shall be administered as discussed below.
*See* Copy of General Order No. 20.03, attached to Amended Complaint.

L.Ed.2d 265 (1986), the nonmoving party responding to a properly made and supported summary judgment motion still must set forth facts showing that there is a genuine issue of material fact and that a reasonable jury could return a verdict in its favor. *See Wolf v. City of Fitchburg,* 870 F.2d 1327, 1329 (7th Cir.1989); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). "The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If doubts remain, however, as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See Wolf,* 870 F.2d at 1330.

### B. FLSA Claim

■ The FLSA forbids an employer from employing any employee "for a workweek longer than forty hours unless such employee receives compensation ... at a rate not less than one and one-half times [his or her] regular rate." 29 U.S.C. § 207(a)(1). The FLSA exempts "any employee employed in a bona fide executive, administrative, or professional capacity ... or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor] ...)." 29 U.S.C. § 213(a)(1).[2] Because "[e]xemptions to the FLSA must be narrowly construed in order to further Congress' goal of providing broad federal employment protection," *see McDonnell v. City of Omaha, Nebraska,* 999 F.2d 293, 295 (8th Cir.1993) (citing *Mitchell*

v. *Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 263–64, 3 L.Ed.2d 243 (1959)), Defendants bear the burden of proving the applicability of the exemption. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Alex v. City of Chicago,* 29 F.3d 1235, 1243 n. 7 (7th Cir.1994); *Abshire v. County of Kern,* 908 F.2d 483, 485–86 (9th Cir.1990).

"To fit within the overtime-exempt category for administrative or executive employees, an employee must meet both parts of a two-part test. The first part is a 'duties test.' The second part is a 'salary test.'" *Service Employees Intern. Union Local 102 v. San Diego,* 35 F.3d 483, 486 (9th Cir.1994) (quoting *Barner v. City of Novato,* 17 F.3d 1256, 1259–60 (9th Cir.1994)).

### 1. Duties Test

■ The requirements of the duties test are set forth extensively in 29 C.F.R. § 541.1 *et seq.*[3] The parties do not dispute that from April, 1986, until his assignment to the Municipal Garage in September, 1988, Bowman's duties met the requirements of the duties test. However, with regard to Bowman's employment at the Municipal Garage from September, 1988, to August, 19, 1989, the Court finds material facts in controversy as to whether Bowman's duties satisfied the duties test for purposes of determining his exempt or non-exempt status. Plaintiff contends that his assignment as a Coordinator at the Municipal Garage lacked any management duties. Defendants point to evidence in the record suggesting that Bowman possessed administrative responsibilities. The Court finds summary judgment as to this portion of Bowman's FLSA claim inappropriate and denies both parties' motions.

---

**2.** 29 U.S.C. § 213(a)(1) provides:
The provisions of section 206 ... and section 207 of this title shall not apply with respect to—
   (1) any employee employed in a bona fide executive, administrative, or professional capacity ... or in the capacity of outside salesman....

**3.** For example, an executive is any employee: (a) [w]hose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized depart-

ment of subdivision thereof; and (b) [w]ho customarily and regularly directs the work of two or more other employees therein; and (c) [w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and (d) [w]ho customarily and regularly exercises discretionary powers....

### 2. Salary Test

The second test that Bowman must meet to be classified as exempt from the FLSA's requirements is the "salary test" promulgated by the Department of Labor ("DOL") in 1954. The salary test provides that to qualify as an executive, administrator, or professional subject to the exemption, an employee must be compensated on a genuine salary basis, *see* 29 C.F.R. § 541.118(a),[4] which means that the employee's compensation is not subject to reduction based on the "quality or quantity of the work performed." *See Hurley v. State of Or.,* 27 F.3d 392, 394 (9th Cir.1994). Failure to satisfy the salary test alone normally results in the loss of the exemption. *See Abshire v. County of Kern,* 908 F.2d 483, 484–85 (9th Cir.1990), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991).

The facts of this case suggest that Bowman's compensation was "subject to reduction because of variations in the ... quantity of the work performed." Bowman was suspended because he was working simultaneously for another employer while collecting pay for that time from IPD. Several courts have concluded that reductions in salary made for infractions of other types of rules constitute reductions based on the quantity and quality of an employee's work. *See e.g., Klein v. Rush–Presbyterian–St. Luke's Medical Ctr.,* 990 F.2d 279, 285 (7th Cir.1993) (employer found to have violated overtime provision of FLSA by classifying as exempt a nurse who was suspended for non-safety reasons); *Shockley v. City of Newport News,* 997 F.2d 18, 25 (4th Cir.1993) (disciplinary reductions in pay, other than for violations of major safety rules, constitute reductions in pay based on the quantity and quality of an employee's work); *Hurley v. State of Oregon,* 27 F.3d 392 (9th Cir.1994) (police officers were not "salaried" employees because their pay could be reduced for disciplinary violations and were thus entitled to overtime pay). Thus, based on the weight of authority, were this Court to apply the "salary test," the reduction in Bowman's pay would make him a non-salaried, non-exempt employee.

However, in this case, Defendants contend that the salary test is invalid as to public sector employers because it is contrary to the FLSA and congressional intent. Under the Administrative Procedure Act ("APA"), courts reviewing agency action will "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984), the Supreme Court noted:

> If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines congress has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

In *Service Employees Intern. Union Local 102 v. County of San Diego,* 35 F.3d 483, 489 (9th Cir.1994), the Ninth Circuit recently addressed whether the salary test, 29 C.F.R. § 541.118(a), as it existed before the DOL suspended its application to public employers

---

4. 29 C.F.R. § 541.118(a) (1991) provides in its entirety:

§ 541.118 Salary Basis.

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

on September 6, 1991[5], was invalid as applied to the public sector.[6] The Court of Appeals held that "through September 6, 1991, for public sector employees to qualify for the executive and administrative exception to the FLSA, they need only have satisfied the duties test ... [not the salary test]." *Id.; Cf. Kinney v. District of Columbia*, 994 F.2d 6, 10–11 (D.C.Cir.1993) (Section 541.5d is prospective only; government employees were not paid on salary basis if they were "subject to" partial day deductions for absences prior to September 6, 1991).

In rejecting the need to satisfy the salary test for exemption purposes, the Ninth Circuit reasoned that Congress intended the public sector to pay its employees overtime, but also intended the executive and administrative exception to apply to the public sector. *See* H.R.Rep. No. 913, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837. Because public employees could not satisfy the salary test due to pay systems based on public accountability[7], no public employee could qualify for the exemptions to the FLSA. *Service Employees*, 35 F.3d at 488. Therefore, the original salary test "conflicted with congressional intent that public sector employers be able to claim the admin-

istrative and executive exception." *Id.* at 489. *See also Stewart v. City & County of San Francisco*, 834 F.Supp. 1233, 1235–38 (N.D.Cal.1993) (salary basis regulations in effect before 1991 cannot be applied to public employees because they were contrary to intent of Congress); *Mueller v. Thompson*, 858 F.Supp. 885, 899 (W.D. Wis.1994) (Crabb, C.J.); *McGrath v. City of Philadelphia*, 864 F.Supp. 466 (E.D.Pa.1994).

■ The Court adopts the reasoning and analysis of *Service Employees* and holds that the salary test is inapplicable to public sector employees.[8] Because the salary test as applied to public sector employees is invalid, we decline to apply it to Bowman for determining whether he is exempt under the FLSA.[9] Instead, we need only consider whether Defendants have adequately demonstrated that Bowman satisfied the duties test. The parties agree that Bowman's duties in his positions before his transfer to the Municipal Garage position satisfy the duties test. Therefore, Defendants have met their burden of showing that Bowman was an exempt employee under the FLSA for the period of time prior to his assignment to the Municipal Garage and the Court grants Defendants' motion for summary judgment as

5. *See* 56 Fed.Reg. 45824. Subsequently, under the DOL's August 1992 amendment, the salary test as applied to the public sector takes into account long-standing and reasonable state and local ordinances predicated on public accountability. *Service Employ.*, 35 F.3d at 489.

6. The interim rule adopted on September 6, 1991 was made final on August 19, 1992 and reads as follows:

   An employee of a public agency who otherwise meets the requirements of § 541.118 shall not be disqualified from exemption under §§ 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance or regulation, or by a policy or practice established pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one workday when accrued leave is not used by an employee because ... accrued leave has been exhausted.
   29 C.F.R. § 541.5d.

7. In *Hilbert v. District of Columbia*, 23 F.3d 429, 435 (D.C.Cir.1994) (Henderson, J., concurring in part, dissenting in part), the court defined "public accountability" as the notion that "governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditure of public funds."

8. For a recent general critique of the salary basis test, *see generally,* Lipman, Plesure, Katz, A Call For Bright–Lines to Fix the Fair Labor Standards Act, 11 Hofstra Lab.L.J. 357 (1994).

9. Because we have found that the "salary test," is applicable to public sector employees, we need not consider Defendants' argument under 29 C.F.R. § 541.118(a)(5), which provides:

   Penalties imposed in good faith for infractions of safety rules of major significance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

to that portion of Bowman's FLSA Count.[10] The Court denies Defendants' motion regarding that portion of Bowman's FLSA claim addressing his employment at the Municipal Garage.

### C. Fraud Claim

In Count II of his amended complaint, Bowman alleges that the City and its then Chief of Police, Paul Annee committed fraud by misrepresenting to him that he was an exempt employee under the FLSA. Bowman contends that without this representation he would not have worked additional hours without overtime pay and he would not have been subjected to the administrative charges or the criminal proceedings. *See* Amended Complaint, ¶¶ 88, 91. In order to prove a claim of fraud, Bowman must show: 1) a material representation of past or existing facts; 2) which is false; 3) which was made with knowledge or reckless ignorance of its falsity; 4) which causes reliance to the detriment of the person relying on the representation. *See Pyle v. White*, 796 F.Supp. 380, 387 (S.D.Ind.1992); *Medtech Corp. v. Indiana Ins. Co.*, 555 N.E.2d 844, 847 (Ind. App. 1 Dist.1990).

The Court finds that Bowman's fraud claim fails for several reasons. First, Bowman cannot show that any misrepresentation of fact occurred because any alleged misrepresentation regarding one's status under the FLSA would be a misrepresentation of law; and such misrepresentations are not actionable. *See Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind.App. 5 Dist.1991) (misstatement of law normally does not constitute a representation upon which an action for fraud may be premised; limited exceptions to general rule exist); *Travelers' Protective Ass'n. of America v. Smith*, 183 Ind. 59, 107 N.E. 283, 287 (1914); *Cf. Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992) (suggesting in dicta that the "present

tendency is strongly in favor of eliminating the distinction between [misrepresentations of] law and facts. . . .") (quoting Prosser and Keaton, Torts § 109 (5th ed. 1984)). Second, there are no material facts in controversy regarding whether Defendants made any alleged misrepresentation with knowledge of its falsity. Indeed, in his reply affidavit, Bowman admits:

> 14. Prior to my trial [in state criminal court], I had never heard anyone say I was paid on an hourly basis, but I was not arguing that the City had lied to me about being exempt. I simply believed that the City did not understand the regulatory requirements for exempting employees, but did not intend for me to be exempt.

*See* Reply Affidavit of David B. Bowman, at ¶ 14. Third, based on the Court's analysis of the FLSA, the Court finds as a matter of law that the representation made to Bowman regarding his status under the FLSA was true—namely, that Bowman's employment outside of his Municipal Garage duties would place him within the exempted categories.

Our finding that the Defendants' representations to Bowman as to his FLSA status were not false bars any potential constructive fraud claim as well. Constructive fraud "arises by operation of law when there is a course of conduct, which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud." *Knauf Fiber Glass, GmbH v. Stein*, 615 N.E.2d 115, 124 (Ind.App.1993). The elements of constructive fraud are: (1) the existence of a duty due to a relationship between the parties; (2) violation of the duty by making deceptive material representations of past or existing facts or remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate cause thereof; and (5) the gaining of an advantage by the party to be charged at the

---

10. 29 U.S.C. § 203 defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." Based on the above definition, the Court also dismisses any FLSA claim against the Indianapolis Police Department, Stephen Goldsmith, James Toler, James Campbell, Cicero Mukes, Richard Dorsey, and Jack Sandlin because none of the above are "employers" under the statute. The parties that remain are the City of Indianapolis, Paul Annee, and Michael Zunk.

expense of the complaining party. *See McDaniel v. Shepherd*, 577 N.E.2d 239, 243 (Ind.App. 4 Dist.1991). In constructive fraud, the law infers fraud from the relationship of the parties and the circumstances which surround them. *Comfax v. North American Van Lines*, 587 N.E.2d 118, 125 (Ind.App. 1 Dist.1992). In *Knauf Fiber Glass*, the court explained that the *Comfax* court noted a "special relationship forming the basis of a constructive fraud claim is shown when the parties have fiduciary duties to each other." 615 N.E.2d at 124.

First, the Court has found no authority suggesting that Defendants had any particular fiduciary duty towards Bowman. Second, we have found that the representations made to Bowman were not factual, but legal, and were not necessarily false. Third, Bowman's injuries did not stem from his reliance on any alleged misrepresentation but rather from his working for two employers simultaneously. For all of these reasons, the Court grants Defendants' motion for summary judgment as to Count II of Bowman's Amended Complaint.

### III. CONCLUSION

The Court grants Defendants' motion for summary judgment on Bowman's FLSA Count with regard to that part of his employment with Defendants that was not in the Municipal Garage. With regard to his employment at the Municipal Garage, the Court finds facts in controversy as to whether the duties' test was satisfied. The Court grants Defendants' motion for summary judgment as to Bowman's fraud count. Bowman's motion for summary judgment is denied as to both counts. The Court also denies Defendants' Motion to Strike A Portion of the Plaintiff's Notice of Depositing Record, Motion to Strike Portions of the Affidavit of David Bowman and Certain Exhibits from Plaintiff's Memorandum in Support of Summary Judgment as moot to the consideration of the above motions.

It is so ORDERED.