**David B. BOWMAN, Plaintiff,**

v.

**The CITY OF INDIANAPOLIS, Defendant.**

**No. IP 91–785 C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 5, 1995.

Shannon B. Adams–Bowman, Indianapolis, IN, for plaintiff.

Frederick A. Roetter, Office of Corp. Counsel, Indianapolis, IN, for defendant.

### MEMORANDUM ENTRY ON MOTION TO RECONSIDER

BARKER, Chief Judge.

Plaintiff David B. Bowman ("Bowman") moves this Court to reconsider that part of its previous entry granting partial summary judgment in favor of Defendants on Bowman's FLSA and fraud claims. *See Bowman v. City of Indianapolis*, 885 F.Supp. 1152 (S.D.Ind.1994). For the reasons stated below, the Court grants Bowman's motion in part and vacates its summary judgment in favor of Defendants as to his FLSA claim. The Court denies Bowman's motion to reconsider its ruling on his fraud claim.

### I. DISCUSSION

Bowman's Fair Labor Standards Act ("FLSA") claim turns on whether he was an overtime-exempt employee under the FLSA or a non-exempt employee entitled to overtime compensation. "To fit within the over-

time-exempt category for administrative or executive employees, an employee must meet both parts of a two-part test. The first part is a 'duties test.' The second part is a 'salary test.' " *Service Employees Intern. Union Local 102 v. San Diego,* 35 F.3d 483, 486 (9th Cir.1994) (quoting *Barner v. City of Novato,* 17 F.3d 1256, 1259–60 (9th Cir.1994)). In its previous entry, the Court found that from April, 1986, until his assignment to the Municipal Garage in September, 1988, Bowman's duties met the requirements of the duties test. However, the Court further found that with regard to Bowman's employment at the Municipal Garage from September, 1988, to August, 19, 1989, there were material facts in controversy as to whether Bowman met the duties test.

With regard to the second test, the Court, relying on the reasoning and analysis of *Service Employees Intern. Union Local 102 v. San Diego,* 35 F.3d 483, 486 (9th Cir.1994), held that the "salary test" as applied to public sector employees was invalid; thus, we declined to apply it to Bowman for determining whether he was exempt under the FLSA. Because we found that the salary test did not apply to Bowman, we concluded that Defendants needed only to meet the duties test and thus granted summary judgment on Bowman's FLSA Count with regard to that part of his employment with Defendants that was not in the Municipal Garage (April, 1986 to September, 1988) and denied summary judgment with regard to his employment at the Municipal Garage.

1. 29 C.F.R. § 541.118(a) is the regulation which sets forth the "salary test," and provides:

§ **541.118  Salary Basis.**
(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an em-

On May 15, 1995, the Seventh Circuit upheld the validity of the salary test as applied to public sector employees in *Mueller v. Reich,* 54 F.3d 438 (7th Cir.1995). The court held that plaintiffs (state-employed engineers) were not exempt from the FLSA and reversed the district court's judgment dismissing their suit. In reaching its result the Seventh Circuit noted:

The state can prevail only if the current regulation, which is to say 29 C.F.R. § 541.118[1] as amended by 29 C.F.R. § 541.5d, is valid as far as it goes but should have gone further, that is, should have extended the exemption for public employees to the provision on discipline. **We think the regulation is valid, period;** and therefore that the engineers must win since the state, it is conceded, did not comply fully and had to do so (provided the regulation is valid) to be entitled to the exemption. (emphasis added).

*Mueller,* 54 F.3d at 441–42.

The Court finds that *Mueller* governs this jurisdiction and upholds the "salary test" as valid. Accordingly, the Court vacates its partial summary judgment in favor of Defendants on Bowman's FLSA claim. With regard to Bowman's fraud claim, the Court is unpersuaded that the arguments and authorities raised in Bowman's motion to reconsider materially alter the Court's previous analysis.[2]

## II.  CONCLUSION

The Court grants Bowman's motion to reconsider with regard to his FLSA claim, but

ployee need not be paid for any workweek in which he performs no work.

2. The Court amends its citation of Plaintiff's Reply Affidavit, ¶ 14 to read as follows:

Prior to my trial, I had never heard anyone say that I was paid on an hourly basis, but I was not arguing that the City had lied to me about being exempt. I simply believed that the City did not understand the regulatory requirements for exempting employees, but did intend for me to be exempt.

The Court finds that the previous misquotation does not affect the Court's substantive point that Bowman has failed to show material facts in controversy that Defendants' alleged misrepresentations were made with knowledge of their falsity.

otherwise denies Bowman's motion. That part of the Court's previous entry granting partial summary judgment on the FLSA claim is accordingly, vacated.

It is so ORDERED.