LAWYERS TITLE INS. CORP. and
Frank A. Antonovitz, Appellants,
(Defendants below)

v.

Joseph POKRAKA and Joan Pokraka,
Appellees, (Plaintiffs below).

No. 56S03–9207–CV–529.

Supreme Court of Indiana.

July 6, 1992.

Rehearing Denied Oct. 14, 1992.

245

Fred M. Cuppy, Kathryn D. Schmidt, Burke Murphy Costanza & Cuppy, Merrillville, for appellants.

Alan H. Lobley, Ice Miller Donadio & Ryan, Indianapolis, Nathaniel Ruff, Lesniak & Ruff, East Chicago, for appellees.

## ON PETITION TO TRANSFER

KRAHULIK, Judge.

Joseph and Joan Pokraka (collectively "Pokraka") (Plaintiffs–Appellees below) seek transfer after the Court of Appeals, in a memorandum decision, reversed a trial court judgment in their favor and against Lawyers Title Insurance Corp. and Frank A. Antonovitz (collectively "Lawyers Title") (Defendants–Appellants below). *Lawyers Title Ins. Corp. v. Pokraka* (1990), 562 N.E.2d 1331 (table). Because we conclude that Pokraka is entitled to the judgment, we grant transfer.

## FACTS

In 1981, Pokraka sold a two-flat apartment building to Dwaine Paradis. The trial court found the terms of the purchase agreement entered into by Paradis and Pokraka to be as follows. The total purchase price was $24,000 with a $3,000 down payment. The balance was to be carried by Pokraka as a second mortgage at nine per cent interest amortized over 30 years, with a balloon payment due after five years in an unspecified amount. Payments were $169 per month. Paradis planned to obtain financing in addition to the Pokraka mortgage in the amount of $3,000 for the down payment and $2,000 for repairs to the property. The purchase contract provided that the Pokrakas' mortgage would be second-

ary to this $5,000, and that the $5,000 was to be paid to the buyer "immediately after closing." The mortgage taken by the Pokrakas did not indicate it was a second mortgage. Pokraka was told by the real estate agent that a second mortgage meant that at the end of the fifth year, Paradis would have to obtain another mortgage in order to make the large balloon payment that would be owed to Pokraka under the terms of the agreement.

The closing was handled by employees of Lawyers Title, including Frank Antonovitz. The mortgage taken by Pokraka was not properly recorded for more than 90 days after the closing. During this period, Paradis obtained a mortgage from a commercial lender, in the principal amount of $15,000, which was recorded first. Pokraka was unaware of these events until several years later when Paradis stopped making payments on the commercial mortgage and the lender notified Pokraka that it would begin foreclosure proceedings. To avoid losing his interest in the property through foreclosure, Pokraka obtained a commercial mortgage to pay off the one taken by Paradis.

Pokraka filed this lawsuit and obtained a default judgment against Paradis. The remaining case was tried to the bench, with special findings of fact and conclusions of law entered pursuant to Ind. Trial Rule 52. The trial court entered judgment against Pokraka and in favor of Webb Schneider and Mary Ann Shurman, real estate agents involved in the transaction between Pokraka and Paradis. Additionally, the trial court entered judgment against Antonovitz and Lawyers Title, and awarded Pokraka $18,985.34 in compensatory damages and $50,000 in punitive damages. Lawyers Title and Antonovitz appealed. The Court of Appeals held that the trial court's judgment was clearly erroneous because (1) Lawyers Title made no misrepresentation of past or existing facts which amounted to fraud, (2) Pokraka had no right to rely on the misrepresentations identified by the trial court, and (3) Pokraka had agreed to take a second mortgage and, therefore, he sustained no damages as a result of any misrepresentations. The court did not reach the other trial errors assigned by Lawyers Title in its appeal.

On transfer, Pokraka asserts that the failure of Lawyers Title to record his purchase money mortgage as soon as practicable after the closing or to advise him that the recording would be delayed is sufficient to support the trial court's judgment on a breach of contract theory. Because we agree with Pokraka, we grant transfer. In so doing, we must also resolve the other issues raised by the parties that were not addressed in the memorandum decision of the Court of Appeals, which we restate as follows:

(1) Whether Pokraka's claim is barred by the statute of limitations;

(2) Whether the trial court's findings of fact are clearly erroneous;

(3) Whether the trial court's conclusions are contrary to law; and

(4) Whether punitive damages are proper.

### I. Statute of Limitations

Lawyers Title asserts the trial court erred in denying its motion for summary judgment because Pokraka's claim was barred by the statute of limitations. Lawyers Title reasons that because Pokraka's interest in the property is a mortgage, and a mortgage is a security interest treated as personal property, any injury sustained by Pokraka is an injury to his personal property. The statute of limitations for injuries to personal property is two years. *Ind. Code* § 34-1-2-2(1). Thus, concludes Lawyers Title, because the closing took place in 1981 but suit was not filed until 1987, Pokraka's claim was time barred. Lawyers Title relies on *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270, 274, for the proposition that in all instances "for limitations purposes the substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm and not by reference to theories of recovery advanced in the complaint," and it argues that this language precludes application of any other limitation period to Pokraka's claim.

We do not read *Whitehouse* as compelling agreement with the position of Lawyers Title. Unlike actions for attorney malpractice with which we dealt in *Whitehouse*, a specific limitation period of six years for fraud and for breach of an oral contract is provided by statute. *Ind. Code* § 34-1-2-1. Were we to accept the reasoning of Lawyers Title here, the portions of *Ind. Code* § 34-1-2-1 relating to fraud and oral contracts would be unnecessary. Such an application would be tantamount to judicially repealing these six-year statutes of limitations because a recovery on theories of fraud or breach of an oral contract would always involve either personal injury or damage to property. We hold that actions for fraud and for breach of an oral contract are governed by *Ind. Code* § 34-1-2-1 which provides for a six-year statute of limitations. Therefore, the claim was not barred by the statute of limitations.

## II. Findings of Fact

Lawyers Title claims that the trial court's findings of fact are clearly erroneous. We find sufficient evidence in the record to support the findings.

In a bench trial where the trial court has heard the evidence and has had the opportunity to judge the credibility of witnesses, we will not set aside the findings unless they are clearly erroneous. *Indpls. Convention & Visitors Ass'n. v. Indpls. Newspapers Inc.* (1991), Ind., 577 N.E.2d 208, 211-12 (citations omitted). In determining whether findings of fact are clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses, but consider only the evidence that supports the judgment and the reasonable inferences to be drawn from the evidence. *Id.* Only where the record contains no facts or inferences supporting the findings are those findings clearly erroneous. *Id.* Uncontradicted evidence will sometimes support conflicting inferences and, when this is the case, the inferences drawn by the trier of fact will prevail. *Id.*

Lawyers Title attacks 17 of the trial court's 60 findings of fact. We have reviewed the relevant portions of the record and conclude that the findings of fact are not clearly erroneous. We find sufficient evidence to support each of the findings made by the trial court. Although in some instances the evidence is conflicting or could support differing inferences, it is for the trial court to resolve those conflicts and draw those inferences. We find no error.

## III. Conclusions of Law

Lawyers Title next asserts that the conclusions of law are contrary to law because (a) neither the fraud nor contract theory were properly pleaded, (b) no duty owed to Pokraka was breached, and (c) Pokraka did not prove the elements of fraud or breach of contract.

In reviewing this assertion, we do not consider the credibility of witnesses or reweigh the evidence. *Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128, 135. We look solely to the evidence most favorable to the judgment together with all reasonable inferences therefrom. It is only when this evidence is without conflict, leading to but one conclusion, and the trial court reached a contrary conclusion, that we will reverse the decision as being contrary to law. *Id.*

A. *Fraud and breach of contract were proper theories in the case.* Lawyers Title argues that because Pokraka's complaint did not specifically allege fraud or breach of contract and Lawyers Title never consented to trying the case on those theories, the judgment was contrary to law for awarding damages based on either of those theories.

As to the theory of fraud, the record reveals that Lawyers Title moved for summary judgment on the grounds that the complaint alleged theories (negligence, injury to personal property or attorney malpractice) which were governed by a two-year statute of limitations. At the hearing, the trial court decided that, although the complaint was sufficient to allege fraud, Pokraka could make additional detailed allegations of fraud in the contentions which were made a part of the pre-trial order. When Lawyers Title objected to Pokraka presenting evidence on fraud at trial, the

trial court ruled that the complaint and the contentions were sufficient to allege fraud.

■ Issues raised in a pre-trial order are properly presented to the court for trial even if they were not raised in the pleadings. Ind.Trial Rule 16(J). Allegations of fraud were contained in the complaint and the pre-trial contentions, and the trial court's comments at the hearing on the motion for summary judgment made clear that trial on the theory of fraud would be permitted. Although Lawyers Title may not have agreed to defend against a fraud action, it was clearly apprised that Pokraka intended to prosecute a fraud action. The trial court properly allowed the case to proceed to trial on a theory of fraud.

■ Similarly, Lawyers Title argues that breach of contract was not properly a theory in the case because Pokraka did not rely on a contract theory at trial and the trial court did not premise its judgment on that theory. Again, we do not agree. Pokraka's pre-trial contentions make specific reference to an oral contract between Pokraka and Lawyers Title pursuant to which it was obligated to follow the customs of title companies in northwest Indiana when acting as a closing agent and that it failed to do so. In addition, the trial court made findings consistent with a contract theory. Both contract and fraud were properly a part of Pokraka's case against Lawyers Title.

B. *Lawyers Title was obligated to promptly record the mortgage.* Lawyers Title asserts that the trial court erred in concluding that it owed a duty to promptly record the Pokraka mortgage following the closing.

■ The relationship between Lawyers Title and Pokraka was contractual. In exchange for a fee, Lawyers Title promised to deal appropriately with the closing documents. Expert testimony at trial established that it is the policy of all title insurance companies in northwest Indiana to record, as soon as possible after closing, legal documents requiring recordation. At some point prior to closing, Paradis asked Lawyers Title to delay recording the mort-

gage taken by Pokraka for a period of 90 days. Because of the unusual nature of that request, the closing agent employed by Lawyers Title sought, and Antonovitz specifically gave, authority to do so. Pokraka was never informed by Antonovitz or anyone at Lawyers Title of the delay. In fact, when the mortgage was recorded more than 90 days after closing, a copy of the mortgage was sent—at the request of Antonovitz—to Paradis but not to Pokraka. The trial court found that under these circumstances, Lawyers Title had a duty to promptly record the mortgage or advise Pokraka of the delay. We are not compelled to reach a contrary conclusion.

Lawyers Title also argues that because Pokraka agreed to take a second mortgage and received what he bargained for, recovery on a breach of contract theory is improper. The trial court's findings of fact do not support this argument. The purchase contract indicated that Paradis would obtain "excess financing," payable immediately after the closing, and that this obligation would be superior to the Pokraka mortgage. This "excess financing" was to be in the amount of $5,000, $3,000 of which was to be used for the down payment, and the remainder used for repairs to the property. Thus, Pokraka had bargained for a $5,000 obligation superior to the mortgage he took from Paradis. At the closing, Paradis paid the $3,000 down payment from some source other than the excess financing (because he had not yet even applied for the excess financing), and the repairs were never made to the property. Had the mortgage been promptly recorded, Pokraka would have been protected from a superior mortgage in an amount above the $5,000 amount agreed upon, but Paradis would still have had the right, had he been able to convince a lender, to secure a $5,000 first mortgage. The effect of Lawyers Title's failure to fulfill its contractual duty to promptly record the mortgage resulted in loss to Pokraka. Because the obligation of Lawyers Title with respect to recording the mortgage was contractual, its failure to fulfill that obligation gives rise to an action for breach of contract.

C. *Pokraka established elements for a breach of contract action, but not fraud.* Pokraka asserts that the trial court findings are sufficient to support a judgment based on fraud or breach of contract. Lawyers Title claims that the judgment of the trial court was based on fraud and is contrary to law because Pokraka did not establish the elements of fraud. Examining the case only on the issue of fraud, the Court of Appeals agreed with Lawyers Title. Although we agree that the trial court findings do not support the legal conclusion that fraud was committed, the trial court's findings of fact do support the conclusion that Lawyers Title breached an oral contract and, therefore, Pokraka still is entitled to judgment. We may affirm the trial court's judgment on any legal theory supported by the trial court's factual findings, even if this theory is one different from that selected by the trial court. *Marshall County Redi–Mix, Inc. v. Matthew* (1984), Ind., 458 N.E.2d 219, 221; *City of Indpls. v. Pollard* (1960), Ind., 241 Ind. 66, 72, 169 N.E.2d 405, 408 (an error in the trial court's conclusions of law do not compel reversal).

■ The elements of fraud which a plaintiff must prove are: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of. *Automobile Underwriters, Inc. v. Rich* (1944), 222 Ind. 384, 390, 53 N.E.2d 775, 777; *Tutwiler v. Snodgrass* (1981), Ind.App., 428 N.E.2d 1291. Pokraka points to three alternate factual bases supporting the theory of fraud: (1) Antonovitz affirmatively misrepresented the legal effect of a second mortgage, (2) Lawyers Title was obligated, but failed, to list the mortgage as an encumbrance on the title insurance policy, or (3) Antonovitz was obligated, but failed, to advise Pokraka of the delay in the recording of the mortgage.

■ The trial court found that when Pokraka asked Antonovitz what would happen if the buyer failed to make payments, Antonovitz told him that he would get the property back automatically without any trouble. The appellate court, citing *Travelers' Protective Ass'n of Amer. v. Smith* (1914), 183 Ind. 59, 69, 107 N.E. 283, 287, determined that this was not actionable fraud, in part because it was a misrepresentation of law and not a misrepresentation of fact. Although this precept has never been explicitly repudiated by this Court, *but see Automobile Underwriters*, 222 Ind. 384, 53 N.E.2d 775, we note that the "present tendency is strongly in favor of eliminating the distinction between [misrepresentations of] law and facts as useless duffle of an older and more arbitrary day" and toward "recognizing that a statement as to the law, like a statement as to anything else, may be intended and understood either as one of fact or one of opinion only, according to the circumstances of the case." *Prosser and Keaton, Torts* § 109 (5th ed. 1984) (footnotes omitted).

We need not decide whether *Travelers* continues to be an accurate statement of the law on this issue and we need not consider the other bases raised by Pokraka in support of the fraud theory because a requisite element of fraud is absent from the findings of fact: The trial court made no finding that Antonovitz acted with the intent to mislead Pokraka. For this reason, we conclude that the trial court's findings do not support a judgment based on fraud.

■ However, the trial court's findings do support the conclusion that Lawyers Title breached its oral contract with Pokraka by failing to properly handle the closing documents. Through expert testimony, Pokraka established that as a part of the contract, Lawyers Title was obliged either to record the mortgage promptly or to advise Pokraka of the delay. The failure of Lawyers Title to fulfill this contractual commitment supports the conclusion that it breached its oral contract with Pokraka. Therefore, even if we accept the view of Lawyers Title that the trial court erroneously concluded that fraud occurred, the trial court's findings support the conclusion

that a breach of contract occurred, and the judgment entered in favor of Pokraka should be affirmed. *Marshall County Redi–Mix*, 458 N.E.2d at 221.

### IV. Punitive Damages

Finally, Lawyers Title claims that the trial court erred in awarding punitive damages. We agree.

Punitive damages are not generally recoverable in contract actions. *Art Hill Ford, Inc. v. Callender* (1981), Ind., 423 N.E.2d 601, 602. Plaintiff must establish by clear and convincing evidence that the defendant acted with malice, fraud, gross negligence or oppressiveness. *Bud Wolf Chevrolet, Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, 137. Upon appellate review of a punitive damage award, we have required that there be evidence which is "inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence, or other such noniniquitous human failing." *Id.* quoting *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 362.

Thus, punitive damages have been allowed in contract cases where an insurance company refused to pay amounts it admittedly owed to the insured, *Vernon Fire & Casualty v. Sharp* (1976), 264 Ind. 599, 349 N.E.2d 173, where dealership employees repeatedly made untrue statements to a customer about the status of repairs to his vehicle, *Art Hill Ford*, 423 N.E.2d 601, where a builder misled the owner about the true reason for water leakage into a building, *F.D. Borkholder Co., Inc. v. Sandock* (1980), 274 Ind. 612, 413 N.E.2d 567, where a car owner was repeatedly and falsely told that his car had been repaired, *Hibschman Pontiac Inc. v. Batchelor* (1977), 266 Ind. 310, 362 N.E.2d 845, and where a dealership sold a car as "new" when it had been damaged in a prior collision, *Bud Wolf*, 519 N.E.2d 135.

Pokraka did not succeed in establishing the existence of an independent tort which would support the imposition of punitive damages. The court made no finding that Antonovitz acted maliciously, fraudulently, oppressively, or with gross negligence. Although the court did conclude that Antonovitz's behavior was "inconsistent with mistake, error of judgment, overzealousness, or mere negligence," this conclusion, standing alone, will not support an award of punitive damages. Pokraka was awarded compensatory damages for the breach of contract. Those damages compensate Pokraka for the monetary damages suffered as a result of the failure to properly record the mortgage. We discern nothing compelling the conclusion that Pokraka is entitled to punitive damages.

### CONCLUSION

Accordingly, we now grant transfer, vacate the decision of the Court of Appeals, affirm the trial court's award of compensatory damages, and reverse the award of punitive damages.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents, without separate opinion.