**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 11 2012, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JENNIFER BAYS BEINART**
Bays Family Law
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GLENN E. DAVIS, JR.**
Kitley Law Office, P.C.
Beech Grove, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KAREN D. McGUINNESS,      )
                          )
    Appellant-Petitioner,      )
                          )
        vs.      )      No. 49A02-1110-DR-937
                          )
MICHAEL F. McGUINNESS,    )
                          )
    Appellee-Respondent.       )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-0712-DR-53468

**June 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Karen D. McGuinness ("Wife") appeals the trial court's decision setting aside the Decree of Dissolution of Marriage and Property Settlement Agreement ("the Agreement") between her and Michael F. McGuinness ("Husband") and denying her motion requesting the court to appoint a commissioner over certain real estate disposed of by the Agreement.

We reverse and remand for further proceedings.

**Issues**

Wife presents several issues for review, which we restate as:

I.    Whether Husband failed to file his petition for relief from the Agreement in a reasonable period of time and is thus estopped from pursuing relief from the Agreement; and

II.   Whether the trial court abused its discretion when it set aside the Decree of Dissolution of Marriage upon finding duress and thus improperly denied Wife's request that the trial court appoint a commissioner to enforce the property distribution provisions of the Decree.

**Facts and Procedural History**

Husband and Wife were married in 1989; the marriage produced four children. Husband has a high school diploma and has worked hanging drywall and as a contractor or subcontractor on construction projects. Wife has earned a Bachelor, Master of Business Administration, and Juris Doctor Degrees, worked as an attorney for a State agency, and completed coursework to become a Registered Nurse.

On Mother's Day in 2007, Husband and Wife engaged in a domestic dispute during which Husband threw a beer can at Wife. One of the parties' children moved to protect

2

Wife, and a dispute ensued between Husband and the child that led to Husband's arrest, the issuance of a protective order against Husband as to Wife and the children, and Wife's decision to seek a divorce from Husband.

In late November 2007, Husband became severely ill. In December 2007, Husband was diagnosed with cirrhosis and hepatitis C. On December 17, 2007, Wife filed her Petition for Dissolution of Marriage.

During the pendency of the proceedings, Husband's health worsened so precipitously that he was admitted to hospice care in late January or early February 2008. Husband and Wife both believed that he would likely die soon and therefore discussed financial arrangements for support of the children. Husband had received several parcels of land in Pulaski County, Indiana, from several relatives, and wanted to be sure that the land would not be lost upon his death.[1] Husband was not represented by counsel in the divorce proceedings, and he therefore asked Wife to instruct her attorney to draft an instrument to allow Wife to obtain ownership of the property upon his death. In late May 2008, Wife visited Husband at his home and presented him with paperwork to sign. Husband signed three documents—the Agreement, a Waiver of Final Hearing, and a Child Support Worksheet—but recalled signing only one and was unable to determine which document he signed. Husband did not attempt to read the documents he signed, and instead relied upon Wife to obtain the documents he had requested.

The Agreement provided for Husband to execute quitclaim deeds to the marital

---

[1] Husband's testimony does not make clear the precise nature of his concerns in this regard.

3

residence and its adjacent real estate. It also provided, "Wife shall become the sole owner of the five parcels of real estate located in Pulaski County, Indiana, presently titled in Husband's name individually," and required Husband to "execute the deeds and necessary paperwork to transfer all right, title and interest therein." Appellant's App. at 22. The Agreement also provided for Wife's ownership of a "1934 truck which has been in pieces in the parties' garage for 25 years and has salvage value only," and required Husband to execute any documents required to place title to the vehicle in Wife's name. Appellant's App. at 23. Husband agreed to assume all debts incurred since the couple's date of legal separation and to be solely responsible "for the debts and obligations in his individual name during the marriage," Appellant's App. at 23, and to pay $34.18 weekly in child support. Appellant's App. at 24.

On June 2, 2008, Wife submitted these documents to the dissolution court. On June 3, 2008, the dissolution court entered its Decree of Dissolution of Marriage, which approved the Agreement and ordered the parties to comply with its provisions.

Beginning in July 2008, Husband's medical condition began to improve; by October, he was released from hospice care. Sometime in July, Husband contacted Wife regarding sale of the 1934 truck, and thought that her response to his plans to sell the truck was unusual; he found particularly troubling Wife's impression that she was entitled to all of the marital assets. Husband was unsure whether the marriage had been dissolved and, though Wife confirmed that to be the case, asked Wife to provide copies of the documents. It is unclear whether Wife did so, and Husband failed to obtain documents on his own efforts.

4

Husband did not obtain a copy of the Decree until June 2009 and did not review the decree until a later date.

On October 20, 2009, Wife filed her Request for Appointment of Commissioner for Purposes of Transferring Real Estate, seeking the appointment of a commissioner to execute deeds on each of the parcels of land that the Agreement contemplated Husband would transfer to Wife. In response, on December 28, 2009, Husband filed his Verified Petition to Set Aside Decree of Dissolution of Marriage, which alleged that Wife obtained his signature on the Agreement through fraud.

On August 10, 2011, the dissolution court conducted a hearing on Wife's request for appointment of a commissioner and Husband's verified petition. On September 20, 2011, the trial court issued its order, in which it found that Husband's "ability to consent was imperfect," "the Agreement was manifestly inequitable," and Husband "was under duress" because of his poor health and lack of legal counsel at the time he signed the Agreement. Appellant's App. at 14. The court did not address Husband's allegation of fraud in his petition. The court therefore granted Husband's petition to set aside the Decree and denied Wife's request for attorney fees. In a separate entry, the court also denied Wife's request for appointment of a commissioner.

This appeal followed.

**Discussion and Decision**

Estoppel

We turn first to Wife's argument that Husband did not timely seek to set aside the

5

Decree.  "A party waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court."  M.S. v. C.S., 938 N.E.2d 278, 285 (Ind. Ct. App. 2010).  This principle is particularly important where, as here, the question of what constitutes "a reasonable time period to file [a] motion for relief from judgment" is so dependent upon "the circumstances of each case, as well as" potential prejudice to the opposing party and the basis for the movant's delay in seeking relief.  Parham v. Parham, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), trans. denied.

Here, we find nothing in the record indicating that Wife at any point argued that Husband was estopped from pursuing his request for relief.  While some of Husband's testimony related to why he did not submit his petition for relief before December 2009, Wife advances her argument for estoppel for the first time in her Appellant's Brief.  We thus conclude that Wife has waived this issue on appeal.

Moreover, we observe that Husband's petition falls within Trial Rule 60(B), as it seeks relief from the court's Decree of Dissolution, in particular alleging that Wife obtained Husband's signature on the Agreement by fraud.  We review a trial court's decision under Trial Rule 60(B) for an abuse of discretion, which occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. Wheatcraft v. Wheatcraft, 825 N.E.2d 23, 30 (Ind. Ct. App. 2005).

The Rule provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\*\*\*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

Ind. Trial Rule 60(B).

Pursuant to Indiana Code Section 31-15-7-9.1(a), where a party seeks the revocation or modification of a property disposition order entered in an action for the dissolution of a marriage, that order "may not be revoked or modified, except in case of fraud." The statute goes on to provide a six-year limitation on the period in which a party may seek to set aside a property disposition order due to fraud. Ind. Code § 31-15-7-9.1(b).

Husband contended that his signature on the Agreement was obtained by fraud. His petition to set aside the Agreement was filed on December 28, 2009—more than 1 ½ years after the entry of the Decree. While this date falls outside the one-year period provided for such petitions under Trial Rule 60(B)(3), it is well within the six-year period specified by Section 31-15-7-9.1(b), and we decline to hold that there was error in the dissolution court's decision to reach the merits of Husband's claim.

7

## Whether the Dissolution Court Abused its Discretion

The dissolution court's decision to set aside the Decree, at least as to the Agreement, is nonetheless erroneous. Husband's motion sought to set aside the Decree of Dissolution, but by its terms specifically challenged Husband's signature to the Agreement. The trial court's order similarly set aside the Decree and not merely the portion of the Decree that adopted the Agreement's disposition of marital assets. To the extent that the dissolution court set aside the entirety of the Decree, that decision was in error.

Further, Husband alleged fraud, though he did not specify whether Wife's fraud was actual or constructive. To succeed in a claim for actual fraud, a claimant must prove that an opposing party made 1) a material misrepresentation of a past or existing fact; 2) the material misrepresentation was untrue; 3) the opposing party knew or acted in reckless ignorance of the misrepresentation's falsity; 4) the opposing party intended to deceive the claimant; 5) the claimant rightfully relied on the misrepresentation; and 6) the misrepresentation was the proximate cause of the injury or damage complained of. Id. at 30 (citing Lawyers Title Ins. Corp. v. Pokraka, 595 N.E.2d 244, 249 (Ind. 1992)). To establish the elements of constructive fraud, a claimant must prove: 1) the opposing party owed the claimant a duty due to the relationship between them; 2) the opposing party violated that duty by making deceptive material misrepresentations of past or existing fact, or by remaining silent when a duty to speak exists; 3) the claimant's reliance upon the misrepresentations or silence; 4) injury to the claimant as a proximate result of the reliance; and 5) the opposing party gained an advantage at the expense of the claimant. Id. (citing Block v. Lake Mortgage Co., Inc.,

8

601 N.E.2d 449, 451 (Ind. Ct. App. 1992)).

Rather than concluding that Husband established the elements of either actual or constructive fraud, the dissolution court found that Husband signed the Agreement under duress. To establish that a document was signed under duress, "'the ultimate fact to be determined is whether or not the purported victim was deprived of the free exercise of his own will.'" Youngblood v. Jefferson County Div. of Family and Children, 838 N.E.2d 1164, 1170 (Ind. Ct. App. 2005) (quoting Raymundo v. Hammond Clinic Ass'n, 449 N.E.2d 276, 283 (Ind. 1983)), trans. denied. Indiana courts have generally required that the individual seeking to avoid a contract on the basis of duress must be subject to "'an actual or threatened violence of restraint of a man's person contrary to law, to compel him to enter into a contract or discharge one.'" Carrasco v. Grubb, 824 N.E.2d 705, 711 (Ind. Ct. App. 2005) (quoting In re Paternity of K.R.H., 784 N.E.2d 985, 990 (Ind. Ct. App. 2003)), trans. denied; Rutter v. Excel Indus., Inc., 438 N.E.2d 1030, 1031 (Ind. Ct. App. 1982) (citing Williamson v. Bendix Corp., 289 F.2d 389 (7th Cir. 1961); Adams v. Stringer, 78 Ind. 175 (1881); Bush v. Brown, 49 Ind. 573 (1875)).

Fraud—whether actual or constructive—and duress are not interchangeable, though each relates to the voluntariness of an individual's decision to enter into a contract. Duress is not a basis upon which Section 31-15-7-9.1 affords relief from an order for the disposition of marital property. The dissolution court here addressed itself to duress but not fraud, and thus abused its discretion by misapplying the law. We therefore remand this matter to the dissolution court for further proceedings not inconsistent with our opinion today.

9

**Conclusion**

Wife's argument that Husband is estopped from seeking relief from the Agreement on the basis of fraud is waived. The dissolution court abused its discretion when it set aside the Decree and concluded that Husband entered into the Agreement and other documents under duress but failed to address the basis of Husband's petition, which alleged fraud.

Reversed and remanded for further proceedings.

ROBB, C.J., and MATHIAS, J., concur.