## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 01 2018, 10:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Alan R. Brill
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Margaret M. Christensen
Alex E. Gude
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alan R. Brill,

*Appellant-Plaintiff,*

v.

Bingham Greenebaum Doll LLP,

*Appellee-Defendant.*

October 1, 2018

Court of Appeals Case No. 82A04-1710-PL-2513

Appeal from the Vanderburgh Circuit Court

The Honorable David D. Kiely, Judge

The Honorable Michael J. Cox, Magistrate

Trial Court Cause No. 82C01-1610-PL-5403

**Tavitas, Judge.**

# Case Summary

Alan Brill appeals the trial court's dismissal of his amended complaint against Bingham Greenebaum Doll, LLP ("BGD"). We affirm.

# Issue

Brill raises one issue, which we restate as whether the trial court properly dismissed his amended complaint against BGD.[1]

# Facts

Brill was the owner of radio stations and newspapers in the 1990s. *Brill v. Regent Communications*, 12 N.E.3d 299, 301 (Ind. Ct. App. 2014), *trans. denied*. In 2000, Brill began negotiating with Regent Communications ("Regent") to purchase Brill's radio stations. The parties entered into a confidentiality agreement in 2000. In 2002, bondholders filed an involuntary Chapter 7 bankruptcy petition against some of Brill's radio stations and newspapers. The bankruptcy court adopted a plan to liquidate those stations and newspapers at an auction. Brill negotiated with Regent concerning a bidding partnership at the auction, and Brill and Regent entered into another confidentiality agreement in July 2002. Negotiations concerning the bidding partnership

---

[1] On cross-appeal, BGD argues that Brill's first complaint should have been dismissed based on the statute of limitations. Because we conclude that the trial court properly dismissed Brill's amended complaint, we need not address the issue presented on cross-appeal.

eventually stalled.  Regent partnered with another company and had the highest bid at the auction.

[4]     On August 20, 2008, Brill, Business Management Consultants, LP (f/k/a Brill Media Company, LP), and "the Non-Debtor Companies" (collectively, "Plaintiffs") filed a pro se complaint against Regent and others for breach of contract, fraud, and other claims ("Regent Litigation").  *Brill*, 12 N.E.3d at 300.  Plaintiffs eventually retained Bingham McHale, LLP, to represent them in the litigation.  According to Brill, Bingham McHale, LLP, merged with Greenebaum Doll McDonald, PLLC, to form BGD in January 2012.  Greenebaum Doll McDonald, PLLC, had previously represented entities in the bankruptcy case, and Brill apparently had a dispute with Greenebaum Doll McDonald, PLLC.  BGD continued its representation of Plaintiffs.

[5]     Regent filed a motion to dismiss Plaintiffs' second amended complaint, claiming that it was "time-barred, that fraud was insufficiently pled, that promissory estoppel is not recognized under Virginia law, and that unjust enrichment is not recognized where a valid contract exists."  *Brill*, 12 N.E.3d at 305.  The trial court initially denied the motion to dismiss, but later granted it as to Plaintiffs' claims for unjust enrichment and promissory estoppel.  Regent then filed a motion for summary judgment, which the trial court granted.

[6]     Brill appealed, and we previously addressed the trial court's partial denial of Regent's motion to dismiss based on statute of limitations grounds.  The issue

involved in the prior appeal was whether the Virginia statute of limitations or the Indiana statute of limitations applied. We noted:

> [T]he 2000 Agreement and 2002 Agreement contain nearly identical choice of law provisions: "This Agreement shall be interpreted and the rights of the parties determined under the laws of the Commonwealth of Virginia without regard to the conflict of law provisions thereof." Appellants' App. p. 1444 (2000 Agreement). "This Confidentiality Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia (without regard to any conflict of law provisions thereof)." *Id.* at 1010 (2002 Agreement). The parties agree that Virginia law controls the substantive issues; however, they disagree concerning which state's law controls procedural issues such as statutes of limitations.

*Id.* at 305-06. We concluded that the Virginia statute of limitations applied. As a result, the parties were subject to a five-year statute of limitations, and Plaintiffs failed to file their pro se complaint in a timely manner. We reversed the trial court's partial denial of Regent's motion to dismiss.

[7] We also held that, even if we were to conclude that the trial court properly denied the motion to dismiss, Regent was entitled to summary judgment. We concluded that the confidentiality agreements did not prohibit Regent from attending and bidding at the auction and that Plaintiffs failed to identify any confidential information that Regent used in formulating its bid that actually resulted in a competitive disadvantage to Plaintiffs. The trial court, thus, properly granted Regent's motion for summary judgment. Our supreme court denied transfer on October 31, 2014.

[8] On October 31, 2016, Plaintiffs filed a pro se complaint against BGD concerning the Regent Litigation and alleged three counts: (1) legal malpractice; (2) fraud; and (3) punitive damages. On November 21, 2016, BGD filed a motion to dismiss the complaint. BGD argued that: (1) no summons had been tendered to the trial court or served on BGD, which rendered service of process inadequate; (2) the trial court lacked personal jurisdiction over BGD due to the lack of proper service; (3) Plaintiffs' claims were barred by the two-year statute of limitations, and (4) to the extent the fraud claim was distinct from the legal malpractice claim, Plaintiffs did not comply with the pleading requirements of Indiana Trial Rule 9(B).

[9] After further pleadings were filed and a hearing was held, the trial court granted the motion to dismiss on March 14, 2017. In addressing the statute of limitations issue, the trial court concluded that the complaint did not "show upon its face that the statute of limitations for legal malpractice has expired." Appellant's App. Vol. III p. 66. The trial court also concluded that the complaint did not state a claim for fraud or punitive damages and, accordingly, granted BGD's motion to dismiss regarding the fraud and punitive damages claims. Finally, the trial court found, on its own motion, that the entire complaint should be stricken pursuant to Indiana Trial Rule 12(F) due to "the rancor that permeates Plaintiffs' Complaint." *Id.* at 65. The trial court noted that, if Plaintiffs choose to amend the complaint, the Plaintiff corporations and organization must obtain counsel.

[10] On April 13, 2017, Brill, on behalf of himself only, filed an amended complaint against BGD. Brill's amended complaint was similar to the original complaint. He again alleged three counts: (1) legal malpractice; (2) fraud; and (3) punitive damages. BGD filed a motion to dismiss the amended complaint arguing that: (1) Brill cannot demonstrate that BGD's alleged legal malpractice was the proximate cause of his injuries; (2) Brill failed to state a claim for fraud because his claim is, in reality, a legal malpractice claim, and he failed to plead his claim with specificity regarding the fraud; (3) a request for punitive damages is not a standalone claim; and (4) the amended complaint contains the same offensive language included in the original complaint. After additional pleadings and a hearing, the trial court found:

> In essence, Brill has alleged that if BGD had argued the Regent Litigation correctly, or as Brill wanted, there was a possibility that the outcome in that case might have been different. (Amend. Compl., p. 43). Stated summarily, Brill filed a *pro se* lawsuit against Regent Communications in the Vanderburgh Superior Court for the breach of agreements he drafted. Subsequently, Brill engaged Bingham McHale, LLP to represent him and his companies. Bingham McHale merged with Greenebaum Doll & McDonald, PLLC ("Greenebaum") to form BGD. During the involuntary bankruptcy of Brill's companies, Brill had been adverse to a member of Greenebaum. After the merger, BGD did not represent Brill with the same vigor as Bingham McHale. Brill also alleged a host of acts and omissions of BGD. (Amend. Compl., pp. 37-43). Because of those alleged failures, Brill lost on summary judgment and the appeal.
>
> The Indiana Court of Appeals, in *Brill v. Regent Communications, Inc.*, held that "[i]nterpretation and construction of contract

provisions are questions of law". *Brill v. Regent Communs., Inc.*, 12 N.E.3d 299, 306 (Ind. Ct. App. 2014), *trans. denied*. Brill's choice of law provisions written in his contracts were words that should be given meaning, and contracting parties can control the procedural law forum by agreement. *Brill*, 12 N.E.3d at 308. Since Brill chose Virginia law, the Commonwealth's five-year statute of limitations applied. *Id.* Furthermore, the Court affirmed the trial court's grant of summary judgment and found, as a matter of law, and from the four corners of Brill's contracts, that Regent was not prohibited from attending and bidding at the bankruptcy auction, and Brill had not identified any confidential information used by Regent. *Id.* at 309, 313.

Brill, in the instant case, has not alleged that BGD drafted the confidentiality agreements, for if they had, one could draw an inference that BGD knew, or should have known, that the inclusion of the "without regard to conflict of law provisions thereof" language in a contract would have triggered the Virginia statute of limitations. Or, if BGD had drafted those same agreements that our Court of Appeals found, as a matter of law, did not contain exclusivity language nor identify confidential information, then one could draw an inference that BGD was, or could have been, negligent in its representation of Brill.

By contrast, Brill has alleged that if BGD "had argued correctly and not in fraud, the appeal and decision sought MIGHT still have not been reached, but the possibility would have been more likely." (Amend. Compl., p. 43). In other words, there was a chance that BGD could have changed the law had it argued Brill's case differently. The court finds that the proximity of BGD's alleged omissions, as stated by Brill, is too remote to have affected decisions by our courts on pure questions of law, and therefore, the allegations of the Amended Complaint do not establish any set of circumstances under which Brill would be entitled to relief.

In Counts II (Fraud) and III (Punitive Damages), the court considers the allegations contained in those counts to be substantially similar to the allegations of the original Complaint, and accordingly, fail to state a claim upon which relief could be granted for the reasons set forth in the Order of March 14, 2017, pages 7-8. In addition, if the alleged fraud count is supported by the same facts alleged in Count I, it too must fail for the reasons set forth hereinabove.

The court finds the Motion to Dismiss the Amended Complaint should be granted.

Appellant's App. Vol. III pp. 196-97. Brill now appeals.

## Analysis

[11] Brill appeals the trial court's dismissal of his amended complaint under Indiana Trial Rule 12(B)(6). "Under notice pleading, we review the granting of a motion to dismiss for failure to state a claim under a stringent standard, and affirm the trial court's grant of the motion only when it is 'apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 135 (Ind. 2006) (quoting *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*).

[12] "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Id.* at 134. Although "we do not test the sufficiency of the facts alleged with regards to

their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Id.* We accept as true the facts alleged in the complaint and consider the pleadings in the light most favorable to the plaintiff. *Id.* We draw every reasonable inference in favor of the non-moving party. *Id.* We need not, however, accept as true the allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. *Id.* "Although the plaintiff need not set out in precise detail the facts upon which the claim is based, [he] must still plead the operative facts necessary to set forth an actionable claim." *Id.* at 135.

### A. *Legal Malpractice*

[13] In Count I of the amended complaint, Brill alleged that BGD committed legal malpractice. "To prove a legal malpractice claim, the plaintiff-client must show: (1) employment of the attorney (the duty); (2) failure of the attorney to exercise ordinary skill and knowledge (the breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages)." *CRIT Corp. v. Wilkinson*, 92 N.E.3d 662, 669 (Ind. Ct. App. 2018). BGD and the trial court focused on proximate cause. "To establish causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence." *Id.*

[14] Brill's legal malpractice claim, as alleged in the amended complaint, appears to be that, after Bingham McHale, LLP, merged with Greenebaum Doll

McDonald, PLLC, to form BGD, BGD's representation of Plaintiffs in the Regent Litigation was not up to par. Brill alleges that BGD was "shading its prosecution of the Regent Litigation" and "pretending and representing to be acting fully in the interest of Regent Plaintiffs . . . ." Appellant's App. Vol. III p. 73. Brill's argument seems to be that, if BGD had made different arguments, he might have been successful in the Regent Litigation.

[15] Brill alleged the following in this amended complaint:

> If [BGD] had argued correctly and not in fraud, the appeal and decision sought MIGHT still have not been reached, but the possibility would have been more likely. Even more, if all the other issues at question in this case, as shown above and others too, were argued professionally and finely to a proper conclusion[,] context could well have influenced the Appeal Court's Opinion, even unconsciously, that these people [BGD] are correct on everything and they must be correct on this Virginia law issue too. In any case this fraudulent representation must be shown that there could have been a different finding in the decisions of the Case, if rightly presented in an overall context of all the components. Given the malpractice and fraud clearly evident in the intentional misrepresentation of their client, then the Court should judge [BGD] as if it is responsible to Regent Plaintiffs as though Regent Plaintiffs had won the Regent Litigation; and [BGD] owes to its client Alan Brill the award proceeds that would be attributable to that Regent Litigation decision.

*Id.* at 109. The amended complaint further alleged that BGD's representation of the Plaintiffs regarding the Regent Litigation did not begin until November 2008. BGD did not participate in the drafting of the confidentiality agreements

at issue in the Regent Litigation and did not file the initial complaint in the Regent Litigation. The trial court found that "the proximity of BGD's alleged omissions, as stated by Brill, is too remote to have affected decisions by our courts on pure questions of law, and therefore, the allegations of the Amended Complaint do not establish any set of circumstances under which Brill would be entitled to relief." *Id.* at 197.

[16] On appeal, Brill does not attempt to explain how the trial court's decision is erroneous or how his amended complaint pled the operative facts necessary to set forth an actionable claim for legal malpractice. We note that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied, cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* Indiana Appellate Rule 46(A)(8)(a) requires that the argument section of a brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied

on . . . ." We will not consider an assertion on appeal when there is no cogent argument supported by authority and there are no references to the record as required by the rules. *Id.* We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[17] Brill's arguments on appeal are not supported by cogent reasoning or citations to proper authorities. Addressing Brill's legal malpractice claim would require us to become an advocate for him, which we cannot do. Brill's arguments on appeal mainly consist of a challenge to this court's opinion in the previous Regent Litigation. BGD argues, and we agree, that "it appears Brill wishes to use this appeal as a vehicle to re-litigate the Regent Litigation and collaterally attack the prior Court of Appeals decision." Appellee's Br. p. 19. We conclude that Brill has waived his arguments on appeal regarding his legal malpractice claim.

## B. Fraud

[18] In Count II, Brill alleged that BGD committed fraud. The elements of fraud are: "'(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of.'" *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992),

*reh'g denied*). A fraud action is "not limited only to affirmative representations; the failure to disclose all material facts can also constitute actionable fraud." *Id.*

[19] Indiana Trial Rule 9(B) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred." "'In order to allege fraud sufficiently, the pleadings must state the time, the place, the substance of the false representations, the facts misrepresented, and identification of what was procured by fraud.'" *Kapoor v. Dybwad*, 49 N.E.3d 108, 120 (Ind. Ct. App. 2015) (quoting *Abbott v. Bates*, 670 N.E.2d 916, 922 n.3 (Ind. Ct. App. 1996), *reh'g denied*), *trans. denied*. A pleading that fails to comply with the special requirements of Trial Rule 9(B) does not state a claim upon which relief can be granted. *Id.*

[20] The trial court concluded that Brill's first complaint failed to specifically aver the circumstances constituting fraud as required by Trial Rule 9(B). The trial court then concluded that the fraud claim in Brill's amended complaint should be dismissed for the same reasons the allegations in the first complaint were dismissed. We agree. Brill's amended complaint does not identify any false representations by BGD. Brill's fraud allegations relate to BGD's alleged purposeful inadequate prosecution of the Regent Litigation. Brill alleges that BGD "intentionally misrepresented the motive of its representation and concealed its bad faith and pursued in fraud a knowingly inadequate and fraudulent prosecution of the case . . . ." Appellants' App. Vol. III p. 115. Brill's allegations, however, are merely a restatement of his legal malpractice allegation and fail to specifically aver circumstances constituting fraud.

Consequently, the trial court properly granted BGD's motion to dismiss Brill's fraud claim in his amended complaint.

### *C. Punitive Damages*

Count III of Brill's amended complaint alleged that he was entitled to punitive damages. Punitive damages are a type of damages used "to punish the wrongdoer and to deter him from future misconduct." *Sims v. Pappas*, 73 N.E.3d 700, 706 (Ind. 2017). Punitive damages are not, however, a separate cause of action. *Yost v. Wabash Coll.*, 3 N.E.3d 509, 514 (Ind. 2014). "[P]unitive damages may be awarded as part of the damages to which a plaintiff may be entitled if successful under a recognized existing cause of action." *Id.* Brill's claims for legal malpractice and fraud fail; consequently, his claim for punitive damages also fails. The trial court properly granted BGD's motion to dismiss the punitive damages claim in the amended complaint.

# Conclusion

The trial court properly granted BGD's motion to dismiss Brill's amended complaint. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.