RUCKER, Justice.
On cross-motions for summary judgment the trial court deemed a vehicle forfeited and awarded the same to the Indianapolis Metropolitan Police Department. However the undisputed facts disclose the vehicle’s owner is entitled to possession. 'We therefore reverse the judgment of the trial court.
Facts and Procedural History
The State of Indiana, the City of Indianapolis, and the Indianapolis Metropolitan Police Department (collectively “the State”) filed a complaint against Detona Sargent seeking forfeiture of her 1996 Buick Century automobile worth approximately $1,700.00. The State’s action was pursued under what is commonly referred to as the “Civil Forfeiture Statute.” See Ind.Code §§ 34-24-1 et seq. More particularly Indiana Code section 34-24-1-1(a) provides in relevant part:
The following may be seized: (1) All vehicles ... if they are used or are intended for use by the person or per *731 sons in possession of them to transport or in any manner to facilitate the transportation of the following: ... (B) Any stolen ... or converted property ... if the retail or repurchase value of that property is one hundred dollars ($100) or more.
In this summary judgment action on the State’s complaint for forfeiture the undisputed facts as shown by the materials presented to the trial court are as follows. Sargent was employed at a Wal-Mart return-merchandise distribution center. On September 16, 2011, she drove her 1996 Buick Century to the center. After arrival Sargent allowed a co-worker to use her car during her shift with the understanding the co-worker would return so that Sargent could drive home. Minutes before Sargent was scheduled to leave for the day, she grabbed four iPhones in their original packaging and stuffed them under her shirt. The phones had a retail value of approximately $1,200.00. As Sargent attempted to leave the center she was stopped and detained by a store manager and was subsequently searched by a staff member, which revealed the four iPhones. An officer of the Indianapolis Metropolitan Police Department arrived on the scene and was present as the store manager questioned Sargent. During questioning, Sargent told the manager “to go outside to make sure that[,] if [her co-worker] was [in Sargent’s car] waiting, she should stop waiting and go home because [Sargent] would not be coming out.” App. at 16. Based on this information the officer went to the parking lot to search for Sargent’s vehicle. The officer located the car and found “a female in the driver’s seat[.]” Id. 27. The vehicle was towed, and Sargent was arrested for theft. On January 10, 2012, under terms of an agreement, Sargent pleaded guilty to theft as a Class D felony and was sentenced to 365 days in the Department of Correction with all but four days suspended to probation.
Twenty days after Sargent pleaded guilty the State moved for summary judgment on its forfeiture complaint and Sargent responded with a cross-motion for summary judgment. After a hearing the trial court granted the State’s motion and denied Sargent’s motion. On appeal Sargent argued (1) there was no nexus between her attempted theft and the vehicle she used to come to work; and (2) her vehicle was exempt from execution by operation of the Indiana Constitution[1] and Indiana’s civil exemption statute. The Court of Appeals rejected both claims and affirmed the judgment of the trial court. See Sargent v. State, 985 N.E.2d 1108 (Ind.Ct.App.2013), vacated. Having previously granted transfer we now reverse the judgment of the trial court. Additional facts are set forth below.
Standard of Review
When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4 (Ind.2010). The moving party “bears the initial burden of making a pri-ma facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.” Gill v. Evansville Sheet Metal Works, Inc., 970 N.E.2d 633, 637 (Ind.2012) (citations omitted). Summary judgment is improper if *732 the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. Id. In determining whether summary judgment is proper, the reviewing court considers only the evidentiary matter the parties have specifically designated to the trial court. See Ind. Trial R. 56(C), (H). We construe all factual inferences in the non-moving party’s favor and resolve all doubts as to the existence of a material issue against the moving party. Plonski, 930 N.E.2d at 5. “The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.” Reed v. Reid, 980 N.E.2d 277, 285 (Ind.2012).
Discussion
In support of its motion for summary judgment the State designated the probable cause affidavit for the underlying theft charge, the charging information for theft, a certified copy of the plea agreement, and the abstract of judgment. See App. 35-39. In support of her cross-motion for summary judgment Sargent designated her own affidavit largely recounting the facts as set forth above. Separately Sargent also filed an “Affidavit and Notice of Claim of Exemption” declaring in part that her 1996 Buick Century was valued at $1,700.00. Sargent contended the automobile was exempt from forfeiture under the provision of Indiana’s civil exemption statute.[2] In moving for summary judgment Sargent declared in part: “The facts, as designated by Plaintiff, are insufficient to sustain Plaintiffs claim and Defendant should be awarded judgment in her favor ..:. The facts designated in Defendant’s Designation of Evidence are sufficient to sustain her Cross Motion.” App. at 8. The State then filed the affidavit of the arresting officer in opposition to Sargent’s cross-motion. See id. at 26-27. Both parties agree there are no genuine issues of material fact. Id. at 6, 8.
As recounted earlier the State sought forfeiture of Sargent’s vehicle under the provisions of the Civil Forfeiture Statute which provides in relevant part:
The following may be seized: (1) All vehicles ... if they are used or are intended for use by the person or persons in possession of them to transport or in any manner to facilitate the transportation of the following: ... (B) Any stolen ... or converted property ... if the retail or repurchase value of that property is one hundred dollars ($100) or more.
I.C. § 34-24-l-l(a). Relying on the designated materials and seizing on the phrase “used or are intended for use” the State contended and the trial court agreed “there is no genuine issue of material fact and that Defendant Detona Sargent intended to use the subject 1996 Buick to facilitate the transportation of stolen prop-erty_” App. at 1. Importantly, however, in addition to demonstrating that Sargent used or intended to use her vehicle to facilitate the transportation of stolen property, the State also carried the burden of demonstrating Sargent was “in possession” of the vehicle at the time. See I.C. § 34-24-1-1 (a).
Although arising in a different context our jurisprudence on the issue of “possession” is father straightforward: it can be *733 either actual or constructive. Actual possession occurs when a person has direct physical control over the item. Gee v. State, 810 N.E.2d 388, 340 (Ind.2004). When the State cannot show actual possession, it may nonetheless prevail on proof of constructive possession. Gray v. State,. 957 N.E.2d 171, 174 (Ind.2011). “A person constructively possesses [an item] when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it.” Id. (citing Lampkins v. State, 682 N.E.2d 1268, 1275 (Ind.1997), modified on reh’g, 685 N.E.2d 698 (Ind. 1997)).
Here based on the Rule 56 materials presented to the trial court it is apparent that Sargent had neither actual nor constructive possession of her Buick vehicle at the time it was “used or intended for use” to “facilitate the transportation” of stolen property. I.C. § 34-24-l-l(a). At all relevant times Sargent was detained in the store and thus had no physical control over the vehicle. Indeed Sargent had not been in actual possession of her car since earlier in the day when she allowed a co-worker to use it on condition the worker would return so that Sargent could drive home at the end of her shift. As for constructive possession, even if one might infer that Sargent had the “intent” to maintain dominion and control over the car, the record makes clear that her detention made it impossible for her to have the “capability” to maintain such control.
By failing to demonstrate that Sargent was “in possession” of the vehicle as contemplated by Indiana Code section 34-24-1-1, the State was not entitled to forfeiture of the vehicle. The trial court thus erred by entering summary judgment in the State’s favor and denying Sargent’s motion.
Conclusion
We reverse the judgment of the trial court and remand this cause with instructions to enter an order granting summary judgment in Sargent’s favor.[3]
RUSH, C.J., and DICKSON, J., concur.
DAVID, J., dissents with separate opinion in which MASSA, J., joins.
MASSA, J., dissents with separate opinion.

. This constitutional claim, which Sargent raises for the first time on appeal, refers to Article 1, Section 22 of the Indiana Constitution and provides: "The privilege of the debt- or to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.”

. The statute provides in pertinent part: "The following property of a debtor domiciled in Indiana is exempt: ... tangible personal property of eight thousand dollars ($8,000.)” I.C. § 34-55-10-2(c)(2).

. Because we resolve this case on other grounds we decline to address Sargent's statutory construction or Indiana constitutional claim.