## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
| --- | --- |
| Maria E. Bonner | Rick C. Gikas |
| Gary, Indiana | Merrillville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Maria Bonner, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Elena Magana, <br> *Appellee-Defendant.* | November 18, 2015 <br><br> Court of Appeals Case No. 45A03-1505-PL-429 <br><br> Appeal from the Lake Superior Court. <br> The Honorable Diane Kavadias Schneider, Judge. <br> Cause No. 45D11-1407-PL-78 |

**Barteau, Senior Judge**

## Statement of the Case[1]

[1] Maria Bonner appeals from the trial court's order on Bonner's motion for summary judgment and Elena Magana's counter-motion for summary

---

[1] In her opening brief, Bonner requests oral argument in this appeal. We deny Bonner's request.

judgment, contending that the trial court erred by denying her motion and granting Magana's motion. We affirm.

## Facts and Procedural History

[2] Bonner is Magana's daughter and the two lived together in a residence located at 3725 Grand Boulevard in East Chicago. On November 20, 2012, James Mason, Bonner's former boyfriend, transferred ownership of the property to Magana by quitclaim deed, which was recorded by the assessor's office on November 26, 2012.

[3] In June 2014, Magana discovered several pieces of her jewelry were missing and, suspecting that Bonner was responsible for or involved in the disappearance of the jewelry, filed an ejectment action against her. After determining in that action that Magana was the legal owner and that Bonner had not established a legal claim to the property, the trial court entered an order to evict Bonner.

[4] Shortly after the ejectment action was filed, Bonner filed a complaint seeking to quiet title to the property in her name, alleging 1) breach of oral contract, 2) breach of a covenant of good faith, 3) intentional misrepresentation, 4) employment discrimination and wrongful discharge, and 5) intentional infliction of emotional distress. Bonner also filed a Chapter 7 bankruptcy petition, and filed an emergency motion to stop eviction, which was denied by the bankruptcy court for failure to state a claim. Bonner left the residence by the date ordered by the trial court, September 2, 2014.

[5] On November 5, 2014, Magana deeded the residence to her son, Thomas P. Magana. On November 24, 2014, Bonner sent a verified notice to her mother of her intent to file a mechanic's lien against the property alleging that she was owed $7,000.00 for work done there. Later, Bonner filed a "claim of lien" on the property for improvements Bonner alleged she performed there, contending that she was owed $10,000.00 for work done through November 10, 2014.

[6] On December 4, 2014, Bonner filed a motion to void the transfer of quitclaim deed to Thomas P. Magana. She also sent a letter to Thomas threatening to place liens on the house he owned with his wife and against his incorporated business.

[7] Both Bonner and Magana filed motions for summary judgment in the quiet title action and designated materials in support of their positions. Bonner designated Mason's affidavit in which he claimed that Bonner paid the purchase price of $2,000.00 for the property to him. He claimed that he was aware of an oral agreement between Magana and Bonner to list Magana on the deed as the owner of the property for tax purposes only, and that at any time Bonner could demand that her name and not Magana's be listed on the title as the owner of the property.

[8] Magana, however, stated in her affidavit that Bonner was under a federal restitution order for her convictions of defrauding the Social Security Administration in the amount of $434,617.30 and the United States Department of Education in the amount of $24,999.00. Magana's name was

listed on the quitclaim deed in order to take advantage of certain tax deductions available due to Magana's age, but there was no written or oral agreement requiring Magana to deed the property to Bonner on some future date. Magana said that when Mason offered to deed the house to her she accepted.

[9] Magana flatly denied ever employing Bonner, paying her any wages, or promising to pay her any wages. After Bonner left the residence, Magana did not authorize Bonner or anyone acting on Bonner's behalf to return there to perform any work on, or supply any materials to, the property. She also stated that no work had been done on the property since September 2, 2014. Magana asserted that all of the improvements listed by Bonner had been performed before that date. Further, she claimed that she was not an agent or employee of a governmental entity and had no official power or authority granted by a governmental entity.

[10] The trial court held a hearing on the cross-motions for summary judgment and took the matter under advisement. Later, the trial court issued its order denying Bonner's motion and granting Magana's motion. Bonner now appeals.

# Discussion and Decision

[11] We review an order on summary judgment de novo applying the same standard as that used by the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). We draw all reasonable inferences in favor of the non-moving parties and will find that summary judgment is appropriate if the designated evidentiary matter shows that there are no genuine issues as to any material fact

and that the moving party is entitled to judgment as a matter of law. *Id.* A fact is considered to be material if its resolution would affect the outcome of the case. *Id.* An issue is considered to be genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id.*

[12] The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of fact as to a determinative issue. *Id.* Once that burden is met, the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Id.* The non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous. *Id.* However, on review, we carefully assess the trial court's decision to ensure that the non-moving party was not improperly denied his or her day in court. *Id.* In addition, the fact that both parties have filed cross-motions for summary judgment does not alter our standard of review. *Sargent v. State*, 27 N.E.3d 729, 732 (Ind. 2015). We consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

[13] Magana contends that all of Bonner's allegations of error are waived for failure to present cogent reasoning supported by citation to authorities, statutes, the appendix or parts of the record on appeal. *See* Ind. Appellate Rule 46(A)(8)(a). Indeed, the few citations to case law used by Bonner in her brief refer only to the standard of review for summary judgment. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency"

because of her self-representation. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). However, we prefer to decide issues on the merits and do so here. *See, e.g.*, *Montgomery v. State*, 21 N.E.3d 846, 857 (Ind. Ct. App. 2014), *trans. denied*.

[14] Bonner alleged that Magana breached an oral agreement for the transfer of a deed to the property upon Bonner's request. As it pertains to this case, the Statute of Frauds provides that a person may not bring an action involving any contract for the sale of land unless the promise, contract, or agreement upon which the action is based is in writing and signed by the party against whom the action is brought. Ind. Code § 32-21-1-1(b)(4) (2002). Indiana courts have applied the principle that an agreement to convey land is subject to the writing requirement of the Statute of Frauds. *Huber v. Hamilton*, 33 N.E.3d 1116, 1123 (Ind. Ct. App. 2015). This is so because the underlying purpose of the Statute of Frauds' writing requirement is to preclude fraudulent claims when the word of one person is pitted against the word of another person, and to remove the temptation of perjury. *Id.*

[15] In support of her argument, Bonner was required to establish the elements of a breach of contract action, namely, the existence of a contract, Magana's breach of the contract, and damages. *See Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993). Here, Bonner has failed to establish the existence of the contract. Because the quitclaim deed was required to be in writing, any agreement between Bonner and Magana for a future conveyance of the property was also required to be in writing. *See Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993) (enforceable land sale contract must be evidenced by a

writing consistent with underlying purposes of Statute of Frauds).  Since there was no genuine issue of material fact as to Bonner's allegation of breach of oral agreement, the trial court correctly granted summary judgment in favor of Magana on that issue.

[16] Next, Bonner argued that Magana breached a covenant of good faith and fair dealing by failing to convey title to the property to Bonner upon her request. Bonner's complaint alleged that "[t]he law imposed duties on [Magana] to honor and abide in good faith toward [Bonner]."  Appellant's App. p. 3.  The complaint further alleged that Magana denied "the oral agreement without probable cause and in bad faith; . . . by attempting to cover up the fact that there was no good cause to deny [Bonner] for the title based on the oral agreement." *Id.*

[17] We have already determined that there was no enforceable agreement for the conveyance of the property to Bonner.  Therefore, the trial court correctly granted summary judgment in favor of Magana on that ground alone.  Further, while Indiana courts have recognized an implied covenant of good faith and fair dealing in contract law, that covenant is generally only in limited circumstances involving employment and insurance contracts, neither of which are applicable here, and only applies to written contracts. *See Allison Union Hosp., Inc.*, 883 N.E.2d 113, 123 (Ind. Ct. App. 2008).  The trial court did not err by granting summary judgment in favor of Magana.

[18] Bonner also alleged that Magana engaged in intentional misrepresentation. She asserts that Magana "promised good faith and easy claim payment" to Bonner, but did not intend to follow through with the promises, which "induc[ed] [Bonner] to rely upon them and to act or refrain from acting in reliance of the oral agreement." Appellant's App. pp. 3-4.

[19] "The elements of common-law fraud are '(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of.'" *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992)). Additionally, actionable fraud arises from false representations of past or existing facts, not from representations as to future action or future conduct. *Kopis v. Savage*, 498 N.E.2d 1266, 1272 (Ind. Ct. App. 1986). Actionable fraud cannot be based on things such as broken promises, unfulfilled predictions, or statements of existing intent which are never carried out. *Id.*

[20] Bonner relied upon her assertion that Magana made an oral promise to convey title to the property to her upon demand on an undetermined future date, not on a claim that Magana made a material misrepresentation of past or existing fact. Therefore, Magana has established that she was entitled to summary judgment because there was no genuine issue of material fact as to one of the elements of actual fraud—a material misrepresentation of past or existing fact.

[21] Moreover, she cannot establish a genuine issue of material fact to support a claim of constructive fraud. Of the five elements of constructive fraud, Bonner cannot establish a genuine issue of material fact about a violation of a duty owed to her by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists. *See Demming v. Underwood*, 943 N.E.2d 878, 892 (Ind. Ct. App. 2011), *trans. denied*. A plaintiff alleging the existence of constructive fraud has the burden of proving this element. *Id.*

[22] In the fourth count of Bonner's complaint, she alleged "discharge in violation of [the] oral agreement." Appellant's App. p. 4. She stated that Magana "discriminated against [her] in violation of oral agreement. Said discharge and discrimination violated public policy, common law and [Bonner's] constitutional rights, which states that a person may not be deprived." *Id.*

[23] There is no evidence that Magana ever employed Bonner. Assuming, *arguendo*, that Magana did employ Bonner, Indiana is an employment at will state, allowing employers to discharge an employee for any reason or no reason at all. *Baker v. Tremco, Inc.*, 917 N.E.2d 650, 653 (Ind. 2009). Therefore, Bonner has no valid claim related to being discharged from whatever employment she claims existed.

[24] Additionally, the Indiana Code defines a discriminatory practice in pertinent part as "the exclusion of a person from equal opportunities because of race, religion, color, sex, disability, national origin, ancestry, or status as a veteran."

Ind. Code § 22-9-1-3(1)(1) (2010). Here, there is no allegation that Magana discriminated against Bonner for any of those reasons. Bonner did not set forth designated materials showing that she had filed a discrimination charge with the Equal Employment Opportunity Commission a prerequisite to bringing an employment discrimination action. *See* 29 C.F.R. § 1614.105 (2010); 42 U.S.C.A. § 2000e-5 (2009). Consequently, Magana was entitled to summary judgment on that claim.

[25] Bonner had claimed that her discharge from employment for her mother was in violation of Bonner's constitutional rights. The purpose of 42 U.S.C.A. § 1983 is to deter state actors, and private individuals acting in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the United States Constitution. *K.M.K. v. A.K.*, 908 N.E.2d 658, 662 (Ind. Ct. App. 2009), *trans. denied*. A plaintiff seeking redress under § 1983 must show that the defendant deprived the person of a right while acting under color of law. *Id.* In order to establish that the defendant was acting under color of law, the plaintiff must present evidence of a concerted effort between a state actor and the defendant. *Id.*

[26] Here, Magana stated in her affidavit, which was designated for summary judgment, that she was not an agent or employee of any governmental entity and had no official power or authority granted to her by a governmental entity. Bonner did not designate evidence to the contrary. Because the designated evidence did not establish that Magana was acting under color of law, the trial

court correctly granted summary judgment in her favor on Bonner's claim alleging a violation of constitutional rights.

[27] Bonner's last allegation against Magana was a claim for intentional infliction of emotional distress. Again, Bonner's claim was based upon the alleged oral agreement between the two women. "[E]motional distress is not a recoverable damage under a pure breach of contract theory." *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). Therefore, the trial court correctly entered summary judgment in Magana's favor on this claim.

[28] Woven throughout Bonner's arguments is the reference that she paid $2,000.00 for the property titled in Magana's name, and that Magana's claim to title in the property should fail for want of consideration. This argument is unpersuasive because it is not relevant to any of the claims before us. Each of Bonner's claims is based on the breach of an alleged oral agreement to transfer title to the property. Magana's lack of consideration in the original purchase of the property from Mason, if indeed it was sold and not transferred as a gift, is irrelevant to the breach of contract claims.

## Conclusion

[29] In light of the foregoing, the trial court's decision is affirmed in all respects.

[30] Affirmed.

Najam, J., and May, J., concur.