## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2016, 6:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Steven Robbins
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Robbins, *Appellant-Plaintiff,* | March 23, 2016 |
| v. | Court of Appeals Cause No. 46A03-1503-CT-119 |
| | Appeal from the LaPorte Circuit Court |
| Indiana Department of Correction, et al., *Appellees-Defendants.* | The Honorable Thomas Alevizos, Judge |
| | Trial Court Cause No. 46C01-1402-CT-200 |

**Barnes, Judge.**

# Case Summary

[1] Steven Robbins appeals the trial court's grant of summary judgment in favor of the Indiana Department of Correction ("DOC"). We affirm.

# Issue

[2] The sole issue we address is whether Robbins has presented any cogent argument that the grant of summary judgment should be reversed.

# Facts

[3] On February 7, 2014, Robbins, an inmate at Indiana State Prison in Michigan City, filed a lawsuit against the DOC, the State Prison, and two DOC officers. In the complaint, Robbins alleged that on January 31, 2013, he was placed in a segregation unit for thirty days after he failed to provide information regarding the whereabouts of his son, who had been mistakenly released from an Illinois jail. Robbins contends he suffered extreme mental suffering and physical pain while in segregation; he also claims that his personal property worth $600 was missing when he was released from segregation.

[4] The trial court construed Robbins's complaint as stating state law tort claims for personal injury and property loss, as well as an Eighth Amendment claim for cruel and unusual punishment. On June 5, 2014, the trial court dismissed the claims against the officers because they had been defendants in an earlier suit by Robbins that had been dismissed, thus making those claims res judicata. The trial court also dismissed the State Prison, finding it was not a separate entity from the DOC. The cause of action was allowed to proceed against the DOC.

The DOC then moved for summary judgment. It made three arguments in support of summary judgment: that Robbins failed to file a Tort Claim Notice as required by the Indiana Tort Claims Act ("ITCA"), Indiana Code Chapter 34-13-3; that Robbins failed to exhaust administrative remedies within the DOC before filing suit; and that, for purposes of the Eighth Amendment claim, the DOC is not considered a "person" who can be sued under 42 U.S.C. § 1983 for civil rights violations. On February 27, 2015, the trial court granted summary judgment on all three grounds the DOC raised. Robbins now appeals pro se.

## Analysis

When we review a grant or denial of summary judgment, we review the case in the same manner as the trial court. *Sargent v. State*, 27 N.E.3d 729, 731 (Ind. 2015). The summary judgment movant must make a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* If the movant meets this burden, the nonmovant must come forward with evidence demonstrating the existence of a genuine issue of material fact. *Id.* We also note that a trial court's summary judgment ruling enjoys a presumption of validity and the appellant must persuade us that its decision was erroneous. *Wells Fargo Bank, N.A. v. Rieth-Riley Const. Co.*, 38 N.E.3d 666, 670 (Ind. Ct. App. 2015). We have described this burden as "largely symbolic and nominal." *Beta Steel v. Rust*, 830 N.E.2d 62, 68 (Ind. Ct. App. 2005). Still, an appellant must make some effort to convince us that a trial court's summary judgment ruling was legally untenable.

[7] We note that a pro se appellant must follow the same rules of procedure as a trained attorney and, therefore, must be prepared to accept the consequences of his or her actions. *Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). Although we attempt to decide cases on the merits whenever possible, we will deem alleged errors waived on appeal if noncompliance with the rules of appellate procedure is so substantial that it impedes our consideration of the case. *Id.* In particular, Indiana Appellate Rule 46, governing the content of briefs, is intended to aid and expedite review on appeal and to relieve us of the burden of searching the record and briefing the case. *Id.* We will not advocate on behalf of a party, and we will not address arguments that are inappropriate or too poorly developed or improperly expressed to be understood. *Id.* (quoting *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*). If a pro se appellant fails to make a cogent argument on appeal, we will find the issue or issues raised to be waived. *See Jackson v. State*, 992 N.E.2d 926, 933 (Ind. Ct. App. 2013), *trans. denied*.

[8] Here, the trial court granted the DOC summary judgment for three distinct reasons. First, the trial court agreed that Robbins failed to provide timely notice of his state law tort claims as required by ITCA. *See Cantrell v. Morris*, 849 N.E.2d 488, 495 (Ind. 2006); *see also* Ind. Code § 34-13-3-6(a) (providing that tort suits against state agencies are barred unless notice of a claim is filed within 270 days after a loss occurs). Second, the trial court stated that Robbins failed to exhaust administrative remedies with the DOC. *See Higgason v. Lemmon*, 818

N.E.2d 500, 504 (Ind. Ct. App. 2004) (holding prisoner must exhaust administrative grievance procedures within the DOC before filing civil rights lawsuit related to incarceration), *trans. denied*. Third, with respect to the Eighth Amendment claim, the trial court agreed that the DOC is not a "person" amenable to suit for federal civil rights violations under 42 U.S.C. § 1983.[1] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) (holding that state agencies and state officials acting in their official capacities are not "persons" who can be sued under § 1983).

[9] Robbins provides no argument as to why the trial court erred on any of these points. His brief references general standards regarding exhaustion of administrative remedies. However, following this, Robbins makes no argument that he actually exhausted his remedies or that he may invoke an exception to the exhaustion requirement. Rather, his argument focuses solely upon the merits of his claim that he was illegally retaliated against by DOC officials with respect to the loss of his personal property. Furthermore, Robbins's brief makes absolutely no mention of or any attempt to analyze ITCA notice requirements or the fact that the DOC is not a "person" for purposes of Section 1983 lawsuits. In order for us to reverse the grant of summary judgment in the DOC's favor, we would have to craft arguments on behalf of Robbins out of

---

[1] ITCA's notice provisions do not apply to Section 1983 claims. *Irwin Mortgage Corp. v. Marion Cty. Treasurer*, 816 N.E.2d 439, 447 (Ind. Ct. App. 2004). However, Robbins was required to ex haust administrative remedies before filing a Section 1983 lawsuit. *See Higgason v. Stogsdill*, 818 N.E.2d 486, 490 (Ind. Ct. App. 2004), *trans. denied*.

whole cloth. This would require us to abdicate our role as a neutral decisionmaker, and we will not do so. Robbins's highly-deficient brief substantially impedes our ability to reach the merits of the case. This is a rare, but not unheard of, instance in which we find the entirety of an appellant's claims to be waived for lack of cogent argument. *See Ramsey*, 789 N.E.2d at 490 (finding all of appellant's arguments to be waived for deficiencies in brief).

## Conclusion

[10] Because Robbins has waived any and all claims of error with respect to the trial court's grant of summary judgment in the DOC's favor, we affirm that ruling.

[11] Affirmed.

Robb, J., and Altice, J., concur.