# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James D. Crum
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Tamesha Angalena Williams,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 16, 2019

Court of Appeals Case No.
19A-CR-383

Appeal from the Hamilton Superior Court

The Honorable David K. Najjar, Judge

Trial Court Cause No.
29D05-1807-CM-5388

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Tamesha Angalena Williams ("Williams") was convicted of Class B misdemeanor Possession of Marijuana.[1] She now appeals, challenging the sufficiency of evidence supporting the conviction. We affirm.

# Facts and Procedural History

[2] On July 18, 2018, Officer George Watson of the Sheridan Police Department ("Officer Watson") was training with Officer Coy Monroe ("Officer Monroe") serving as field training officer. At some point, Officer Watson stopped a vehicle with one working headlight. When Officer Watson approached the vehicle, he smelled the odor of a freshly lit cigarette. He noticed the driver's window was open several inches, but the other windows were closed. There were two occupants—Williams, who was the driver, and a male passenger.

[3] Officer Watson asked Williams for certain information. Officer Monroe later approached the vehicle to follow up about proof of insurance. Officer Monroe noticed the odors of both burnt and raw marijuana. He asked the passenger to step back with him. Officer Monroe mentioned the odor of marijuana to the passenger, who said he did not think there was anything in the vehicle. When speaking with the passenger, Officer Monroe did not smell the odor of marijuana. Officer Monroe then asked Williams to speak with him. Officer

---

[1] Ind. Code § 35-48-4-11(a)(1).

Monroe smelled the odor of burnt marijuana "pungently coming off of her clothing." Tr. at 16. When Officer Monroe mentioned the odor to Williams, she "initially denied it and that there was anything around it." *Id.* at 15-16.

[4] The officers planned to search the vehicle, which was registered to Williams. Before the search, Williams said "there was nothing in the car, she didn't have any marijuana." *Id.* at 16. Williams also asked if she could retrieve personal property before the search, saying "[s]omething about some money being in the car." *Id.* At that point, Williams was already outside the vehicle and had her purse with her. She was not permitted to retrieve any property. During an ensuing search, Officer Monroe found approximately two grams of marijuana in the center console of the vehicle. No money was found in the vehicle.

[5] Officer Monroe handcuffed Williams and the passenger. He explained the legal doctrine of constructive possession, at which point the passenger expressed irritation about being caught up in things. Williams then said: "It's my car, it's my dope." *Id.* at 22. She emphasized "that she didn't own the dope, but she said, 'I'm taking it because it's my car, my dope, and it's in my car.'" *Id.*

[6] The State charged Williams with Class B misdemeanor Possession of Marijuana. A bench trial was held in late 2018, and Williams was found guilty. The court imposed a sentence of 180 days in the Hamilton County Jail, fully suspended the sentence, and placed Williams on probation for 180 days.

[7] Williams now appeals.

# Discussion and Decision

[8] When reviewing a challenge to the sufficiency of the evidence, "we consider only the evidence and reasonable inferences most favorable to the conviction[], neither reweighing evidence nor reassessing witness credibility." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[9] To obtain the instant conviction, the State was obligated to prove, beyond a reasonable doubt, Williams knowingly or intentionally possessed marijuana. *See* I.C. § 35-48-4-11. Possession can be actual or constructive. *Sargent v. State*, 27 N.E.3d 729, 732-33 (Ind. 2015). "Actual possession occurs when a person has direct physical control over the item." *Id.* at 733. Where the State "cannot show actual possession, it may nonetheless prevail on proof of constructive possession." *Id.* "A defendant is in the constructive possession of drugs when the State shows that the defendant has both (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs." *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004).

[10] At trial, the State pursued a theory of constructive possession. Williams does not dispute she had the capability to maintain dominion and control over the marijuana. She instead challenges the sufficiency of evidence of her intent to maintain dominion and control over the contraband. She points out the marijuana was found in the center console and that she was not the only

occupant of the vehicle. Where, as here, "possession of the automobile in which drugs are found is not exclusive, the inference of intent must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence." *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *modified on reh'g*. Our supreme court has identified "various means" of showing the required additional circumstances, including—but not limited to—proof of "(1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant." *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999).[2]

[11] Here, there was evidence Williams's clothing smelled of burnt marijuana and the passenger did not smell of marijuana. Williams attempts to minimize the probative value of the odor of marijuana, but this was not the only evidence indicative of her knowledge of the presence and nature of the contraband. Indeed, when Williams was informed of an imminent vehicle search, she asked to retrieve property from the vehicle. Although Williams mentioned wanting to retrieve money, she was already carrying her purse—and the officers found no

---

[2] To the extent Williams regards the foregoing as an exhaustive list of potential ways the State may meet its burden of proof, we emphasize that "the listed circumstances are not exhaustive. Other circumstances could just as reasonably demonstrate the requisite knowledge." *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018) (quoting *Carnes v. State*, 480 N.E.2d 581, 586 (Ind. Ct. App. 1985)), *trans. denied*.

money in the vehicle. Moreover, although Williams denied the marijuana was hers, Williams said she would accept responsibility for the marijuana found in her vehicle. Williams said so after the passenger complained, and the timing of her remarks suggests some consciousness of guilt concerning the contraband. Furthermore, although Williams draws our attention to favorable evidence—including her adamant denial of ownership of the contraband—we are not free to reweigh evidence. We conclude there is sufficient evidence from which a fact-finder could reasonably infer Williams knew there was marijuana in her vehicle—contraband she hoped to conceal before the search. Ultimately, there is sufficient evidence supporting the conviction of Possession of Marijuana.

[12] Affirmed.

Riley, J., and Pyle, J., concur.