# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2019, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Suton A. Sykes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 25, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1073<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia A. Gooden, Judge<br><br>Trial Court Cause No.<br>49G21-1805-F2-15922 |

**Bailey, Judge.**

# Case Summary

Suton A. Sykes ("Sykes") was convicted of several offenses, including Possession of Cocaine, as a Level 4 felony.[1] Sykes now challenges the sufficiency of evidence supporting his conviction of Possession of Cocaine.

We affirm.

# Facts and Procedural History

In April 2018, Sykes agreed to participate in a home-detention program supervised by Marion County Community Corrections ("MCCC"). Sykes signed a document acknowledging the requirements of the program, which included (1) a prohibition on the possession of ammunition and (2) an obligation to comply with applicable laws. Sykes also consented to searches conducted to ensure his compliance with the requirements of the program.

On May 15, 2018, Jill Jones ("Jones") from MCCC—along with assisting officers from the Indianapolis Metropolitan Police Department ("IMPD")—went to Sykes's residence for a compliance check. Jones knocked on the door and said, "Community Corrections." Tr. Vol. II at 37. An IMPD officer then heard movement, looked through a beveled glass window on the front door, and saw a person "scurrying" back and forth across the residence. *Id.* at 43.

---

[1] Ind. Code § 35-48-4-6.

After two minutes, Sykes came to the door, stepped outside, and nearly closed the door behind him. Jones explained she was there for a compliance check, and Sykes allowed entry into the residence. Inside, there was an adult woman and two children. The officer who had observed the scurrying person believed that Sykes—and not any other occupant—fit the physical stature of the person he saw moving inside. At some point, law enforcement spoke with a different woman who was in the backyard and brought her inside the residence.

[5] Jones began searching the master bedroom. In a nightstand drawer, she found ammunition, a bag of marijuana, and a marijuana pipe. Another MCCC staff member searched a backpack that was hanging on a closet door in the master bedroom. The backpack contained a scale with a white, powdery residue on it. Law enforcement froze the scene and obtained a search warrant. Officers then searched the residence. They found a baggie of 6.78 grams of cocaine under a chair in the master bedroom, and a gun on a couch in the living room. The gun was swabbed and later found to contain DNA matching Sykes's DNA profile.

[6] The State charged Sykes with several offenses. Following a bifurcated trial, Sykes was ultimately convicted of (1) Possession of Cocaine, as a Level 4 felony; (2) Unlawful Possession of a Firearm by a Serious Violent Felon, a Level 4 felony;[2] (3) Escape, as a Level 6 felony;[3] and (4) Maintaining a

---

[2] I.C. § 35-47-4-5(c).

[3] I.C. § 35-44.1-3-4(b).

Common Nuisance, a Level 6 felony.[4] The trial court imposed concurrent sentences on these counts, resulting in an aggregate sentence of ten years in the Indiana Department of Correction with two years suspended.

[7] Sykes now appeals.

# Discussion and Decision

[8] "A person may be convicted of an offense only if his guilt is proved beyond a reasonable doubt." I.C. § 35-41-4-1. "When a defendant challenges the sufficiency of the evidence supporting a conviction, 'we neither reweigh evidence nor judge witness credibility.'" *Cardosi v. State*, 128 N.E.3d 1277, 1283 (Ind. 2019) (quoting *McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018)). Instead, we "consider only the evidence most favorable to the judgment together with all reasonable inferences that may be drawn from the evidence." *Id.* at 1283 (quoting *McCallister*, 91 N.E.3d at 558). We will affirm the conviction if there is "substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016) (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

[9] A person who knowingly or intentionally possesses cocaine commits a Level 6 felony. *See* I.C. § 35-48-4-6(a). The offense is elevated to a Level 4 felony if the

---

[4] I.C. § 35-45-1-5(c).

person (1) possesses between five grams and ten grams and (2) an enhancing circumstance applies. *See* I.C. § 35-48-4-6(c). One such circumstance is that the person has a prior conviction for dealing in cocaine. *See* I.C. § 35-48-1-16.5.

[10] On appeal, Sykes focuses only on whether there is sufficient evidence he knowingly or intentionally possessed the cocaine found under the chair. Despite the narrow challenge, we nevertheless observe there is ample evidence law enforcement found between five grams and ten grams of cocaine, in that there was evidence a baggie contained 6.78 grams of cocaine. Moreover, there is ample evidence of an applicable enhancing circumstance, in that the State presented evidence Sykes previously pleaded guilty to dealing in cocaine.

[11] Turning, then, to the issue of possession, the State satisfies this element by proving either actual possession or constructive possession. *Sargent v. State*, 27 N.E.3d 729, 732-33 (Ind. 2015). "Actual possession occurs when a person has direct physical control over the item." *Id.* at 723. Constructive possession occurs "when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id.* (quoting *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011)). "A trier of fact may infer that a defendant had the capability to maintain dominion and control over contraband from the simple fact that the defendant had a possessory interest in the premises on which an officer found the item." *Gray*, 957 N.E.2d at 174. This inference is permissible "even when that possessory interest is not exclusive." *Id.* However, when that possessory interest is not exclusive, there must be "additional circumstances pointing to the defendant's knowledge of the

presence and the nature of the item." *Id.* at 175. The Indiana Supreme Court has identified a non-exhaustive list of "additional circumstances," including

> (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns.

*Id.*

[12] Here, there is evidence Jones knocked on the door to Sykes's residence and announced, "Community Corrections." Tr. Vol. II at 37. It then took Sykes about two minutes to answer the door. Meanwhile, a person of Sykes's stature was observed scurrying back and forth inside the residence. When Sykes eventually answered the door, he stepped out and nearly closed the door behind him—obscuring the view into the residence. Sykes admitted that he lived in the residence. Moreover, the police found a baggie of cocaine under a chair in the bedroom. In that bedroom, there was mail addressed to Sykes.

[13] Sykes asserts there is a lack of additional circumstances that would support a reasonable inference he knew about the cocaine. However, evidence ties Sykes to the bedroom where the cocaine was hidden. Moreover, as the State points out, the cocaine was "discovered in a place that was consistent with a rushed attempt at concealment." Appellee's Br. at 9. In light of the scurrying in the house, a fact-finder could reasonably infer Sykes was attempting to conceal the cocaine during the two minutes before he answered the door. We therefore

conclude there is sufficient evidence of additional circumstances to support a conviction predicated upon a theory of constructive possession of the cocaine.

[14] There is sufficient evidence from which a fact-finder could conclude, beyond a reasonable doubt, Sykes committed Possession of Cocaine, as a Level 4 felony.

[15] Affirmed.

Najam, J., and May, J., concur.