FILED

Dec 21 2020, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Shenmei Yuan
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Susan E. Trent
Ashley M. Gilbert-Johnson
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shenmei Yuan,

*Appellant-Defendant,*

v.

Wells Fargo Bank, N.A.,

*Appellee-Plaintiff.*

December 21, 2020

Court of Appeals Case No.
20A-CC-1470

Appeal from the Boone Superior
Court

The Honorable Matthew C.
Kincaid, Judge

Trial Court Cause No.
06D01-1904-CC-654

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Shenmei Yuan (Yuan), appeals the trial court's grant of summary judgment in favor of Appellee-Plaintiff, Wells Fargo Bank, N.A. (Wells Fargo).

We affirm.

# ISSUE

Yuan presents the court with one issue, which we restate as: Whether Wells Fargo established a *prima facie* case for summary judgment on its breach of contract claims.

# FACTS AND PROCEDURAL HISTORY

On November 29, 2017, Yuan established a charge card account (Account) with Wells Fargo by entering into the Cardholder Agreement (Agreement), pursuant to which Yuan was obligated to make monthly payments towards her balance. The Agreement also provided for the payment of attorney's fees upon default. Yuan used the Account to amass charges, unpaid interest, and late fees. On June 10, 2018, Yuan made her last payment on the Account in the amount of $184, leaving an outstanding balance. On November 27, 2018, Wells Fargo accelerated the balance due on the Account, $9191, which ceased accruing interest.

On April 26, 2019, Wells Fargo filed its Complaint, raising breach of contract claims and seeking damages of $9191 and reasonable attorney's fees. On May

22, 2019, Yuan, appearing *pro se*, submitted her answer to the Complaint in which she admitted that she had established the Account. On March 16, 2020, Wells Fargo filed a motion for summary judgment, a memorandum in support, and a designation of evidence which included the affidavit of Lindsay R. Hogueison, Loan Adjuster for Wells Fargo (Hogueison Affidavit). In her affidavit Hogueison averred that, as Loan Adjuster, she was

> familiar with the books and accounts of Wells Fargo, and has examined all books, records, and documents kept by Wells Fargo concerning the transactions alleged in the Complaint. These books, records, and documents are kept by Wells Fargo in the regular course of its business, and are made at or near the time of the evidence appearing therein. It is the regular practice of Wells Fargo to make and keep these books, records, and documents. Affiant has personal knowledge of the matters contained in the books, records, and documents kept by Wells Fargo.

(Appellee's App. Vol. II, p. 71). The Hogueison Affidavit set out the facts pertinent to the establishment of the Account, Yuan's failure to make payments in violation of the Agreement, and the amount owed. In support of her averment that Yuan used the charge card issued for the Account, Hogueison attached as Exhibit 1 six statements from the Account from between June 23, 2018, and December 24, 2018 (Statements). The Statements showed Yuan's previous account balance and the addition of new late fees each month. The last of the Statements showed a balance of $9191. Also attached to the Hogueison Affidavit were the following: A copy of the Agreement (Exhibit 2); an Account statement from May 25, 2018, to June 22, 2018, evincing a last payment of $184 on June 10, 2018 (Exhibit 3); and a final statement showing a

balance of $9191 which was also submitted as part of the Statements (Exhibit 4). In further support of its motion, Wells Fargo designated the affidavit of attorney Susan Trent, who averred that, as a result of Wells Fargo retaining her to prosecute the Complaint, the company had incurred $941.01 in reasonable attorney fees and out-of-pocket expenses.

[6] On April 13, 2020, Yuan filed a memorandum in opposition to summary judgment, a motion to strike, and a memorandum in opposition to attorney's fees. Yuan argued that Wells Fargo had designated inadmissible evidence in support of its summary judgment motion, which she claimed should be stricken and without which Wells Fargo had failed to demonstrate a lack of genuine issue of material fact. Yuan also argued that Wells Fargo had violated federal law by making the receipt of electronic account statements a default choice for account holders. Yuan did not file a verified affidavit or designate other evidence in opposition to summary judgment apart from four pages of what she represented were "self-authenticating" printouts from Wells Fargo's website in relation to her electronic statements argument. (Appellee's App. Vol. II, p. 156). On June 24, 2020, the trial court heard argument on Wells Fargo's motion for summary judgment. On July 10, 2020, the trial court issued its Order granting summary judgment to Wells Fargo in the amount of $10,132.01 without entering specific findings of fact and conclusions of law.

[7] Yuan now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[8]     Summary judgment is appropriate if the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). We review both the grant or denial of summary judgment *de novo* and apply the same standard as the trial court. *Kerr v. City of South Bend*, 48 N.E.3d 348, 352 (Ind. Ct. App. 2015). The party moving for summary judgment bears the initial burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Sargent v. State*, 27 N.E.3d 729, 731 (Ind. 2015). "Summary judgment is improper if the movant fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact." *Id.* at 731-32. "All disputed facts and doubts as to the existence of material facts must be resolved in favor of the non-moving party." *Kerr*, 48 N.E.3d at 352. The non-moving party has the burden on appeal to persuade us that the trial court's grant of summary judgment was erroneous, but we will carefully assess the trial court's decision to ensure that the non-moving party was not improperly denied her day in court. *Id.* We will affirm the trial court's summary judgment ruling on any basis supported by the designated evidence. *Hussain v. Salin Bank & Trust Co.*, 143 N.E.3d 322, 328 (Ind. Ct. App. 2020), *trans. denied*.

In addition, we note that the trial court did not enter findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Analysis*

Yuan essentially contends that Wells Fargo failed to make a *prima facie* case for summary judgment because it designated only inadmissible evidence in support of its motion. A plaintiff raising a breach of contract claim must show the existence of a contract, the defendant's breach of that contract, and damages. *Alexander v. Linkmeyer Dev. II, LLC*, 119 N.E.3d 603, 612-13 (Ind. Ct. App. 2019). Therefore, Wells Fargo was required to show that Yuan had opened the Account and that she owed Wells Fargo an outstanding balance as alleged in its Complaint. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013) (analyzing what designated evidence makes a *prima facie* case for summary judgment upon a complaint by a creditor on a breach of credit card contract).

Here, Wells Fargo designated the Hogueison Affidavit with Exhibits 1-4 to establish the elements of its claim. As a general matter, documents containing out-of-court statements used to show the truth of the matters contained therein are hearsay and are inadmissible. *See* Ind. Evidence Rules 801; 802 ("Hearsay is not admissible unless these rules or other law provides otherwise.").

However, business records are exempt from the prohibition against the admission of hearsay if the proper foundation for their admission is shown, including that

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

> (C) making the record was a regular practice of that activity;

> (D) all these conditions are shown by the testimony of the custodian or other qualified witness []; and

> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Evid. R. 803(6). Hogueison provided a foundation for Exhibits 1-4 as business records when she averred that

> (A) they were "kept by Wells Fargo" and "were made at or near the time of the evidence appearing therein";

> (B) they were "kept by Wells Fargo in the regular course of its business";

> (C) it was "the regular practice of Wells Fargo to make and keep" them;

(D) Hogueison was "familiar with the books and accounts of Wells Fargo, and has examined all books, records, and documents kept by Wells Fargo concerning the transactions alleged in the Complaint" and had "personal knowledge of the matters" contained therein; and

(E) they were "true and exact" copies all of which she affirmed under the penalties of perjury were "true and correct."

(Appellee's App. Vol. II, pp. 71, 73).  The Hogueison Affidavit and Exhibits 1-4 showed that Yuan had entered into the Agreement; she had breached the Agreement through non-payment; and that she had caused Wells Fargo damages in the amount of $9191.[1]  Therefore, we conclude that Wells Fargo made a *prima facie* case for summary judgment.

[12] Yuan challenges Wells Fargo's *prima facie* case for summary judgment on four grounds.  We address each in turn.

### A. *Failure to Attach Documents to the Hogueison Affidavit*

[13] Yuan's first argument centers on Trial Rule 56(E) which mandates in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies not previously self-authenticated of *all papers or*

---

[1] Yuan does not address any of her appellate argument to the trial court's grant of attorney's fees to Wells Fargo.

*parts thereof referred to in an affidavit* shall be attached thereto or served therewith.

(Italics added). Seizing upon the above-italicized language, Yuan argues that the Hogueison Affidavit was defective because "Wells Fargo also failed to attach any and all 'books and records' repeatedly referred to in the [Hogueison Affidavit]." (Appellant's Br. p. 10). However, Hogueison's references to Wells Fargo's "books, records, and documents" were to demonstrate her personal knowledge of the matters related and to establish the business record foundation for Exhibits 1-4. (Appellee's App. Vol. II, p. 71). The documents she specifically referred to and relied upon for purposes of establishing the elements of Wells Fargo's breach of contract claim—Exhibits 1-4—were attached to the Affidavit. Yuan provides no authority for her apparent proposition that the totality of a company's business records must be attached to a business record affidavit in order to establish a proper foundation for the submission of part of its business records, and we are aware of none. Yuan's contention that "[t]he [Hogueison Affidavit] failed to specify any of these [books, records, and documents]" is simply inaccurate. (Appellant's Br. p. 10).

[14] In this section of her argument, Yuan also argues that Wells Fargo did not attach the correct governing Agreement, which she contends was another document. During the summary judgment proceedings, Yuan failed to designate any evidence in support of her argument that another document governed her account. Her unsworn statements on appeal referring to Wells Fargo's website do not constitute properly-designated evidence for purposes of

opposing summary judgment. *See* T.R. 56(C) ("An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits); *see also Ind. Univ. Med. Ctr., Riley Hosp. for Children v. Logan*, 728 N.E.2d 855, 858 (Ind. 2000) ("Unsworn statements . . . do not qualify as proper Rule 56 evidence.").

[15] Yuan's last argument in this section of her brief is that the Hogueison Affidavit was defective because the Statements did not provide detailed, itemized transactions, and, therefore, they "do not contain the necessary information to show that they are in fact the 'books and records' relied upon by the affiant." (Appellant's Br. p. 11). This argument confuses persuasive value with admissibility. Hogueison provided an adequate foundation for the Statements as business records, and they were, thus, admissible to show that Yuan owed Wells Fargo $9191 in balance due, interest, and late fees. If Yuan had wished to demonstrate that was not the amount owed, she could have designated evidence in opposition, but she did not. Accordingly, we do not find this argument to be persuasive.

### B. *Language Used in the Hogueison Affidavit*

[16] Yuan's next challenge to the Hogueison Affidavit is that it did not provide a proper foundation for the admission of Exhibits 1-4 as business records because it is "clearly a boilerplate recitation of the business record exception requirements – it does not identify the documents reviewed/examined, list the number of pages reviewed/examined, or any other specific information about any documents relied upon that would give the [A]ffidavit the trustworthiness it

must have to comply with Rule 803(6)." (Appellant's Br. p. 12). In support of her argument, Yuan draws our attention to *Speybroeck v. State*, 875 N.E.2d 813 (Ind. Ct. App. 2007). In *Speybroeck*, another panel of this court found the affidavit at issue did not authenticate its attached documents because it merely had a blank space where it referred to the number of attached pages of documents and did not identify the documents it purported to authenticate. *Id.* at 820. The court found that "when the text of the Affidavit is compared with its attachments, it is apparent that the Affidavit is merely a boilerplate recitation unconnected to the underlying documents." *Id.* The court concluded, therefore, that the affidavit lacked trustworthiness and did not comply with the rules of self-authentication under Rule 902(9). *Id.* The *Speybroeck* court further concluded that the challenged attachments were not properly admitted as business records, not because of the boilerplate language used in the affidavit, but because the person making the statements did not have personal knowledge and the records at issue were not prepared in the regular course of business. *Id.* at 821.

[17] Unlike *Speybroeck*, Yaun never challenged the authentication of Exhibits 1-4. Further distinguishing the case, Yuan did not challenge either of the 803(6) foundational elements at issue in *Speybroeck*. Therefore, we do not find her argument based on *Speybroeck* to be relevant or persuasive.

## C. *Self-authentication*

[18] Yuan claims that the Statements attached to the Hogueison Affidavit as Exhibit 1 "are also not self-authenticating statements, rendering them admissible

pursuant to Indiana Rule 902." (Appellant's Br. p. 13). Yuan has raised this claim for the first time on appeal. "Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived." *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004). Because she did not raise the issue of authentication of Exhibit 1 in the summary judgment proceedings, it is waived. *Id.*

[19] Her waiver of the issue notwithstanding, Evidence Rule 902 provides that certain types of evidence are "self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." Rule 902(11) provides in relevant part:

> Unless the source of information or the circumstances of preparation indicate a lack of trustworthiness, the original or a copy of a domestic record [of a regularly conducted activity] that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification under oath of the custodian or another qualified person [is self-authenticating].

[20] We have already concluded that the Hogueison Affidavit met the requirements of Rule 803(6). Yuan has developed no additional argument on this issue. Therefore, we conclude that Exhibit 1 was self-authenticating.

### D. *Wells Fargo's Violation of Federal Law*

[21] Yuan's final contention is that she never received any paper statements from Wells Fargo, which she contends was a violation of "both Federal Laws and Electronic Signatures in Global and National Commerce Act (E-Sign Act) (15 U.S.C. 7001 et seq.)." (Appellant's Br. p. 9). This argument is unavailing for at

least two reasons. First, Yuan fails to demonstrate that any such violations would have created a deficiency in Wells Fargo's required *prima facie* showing that she entered into the Agreement, breached the agreement, and owed Wells Fargo the outstanding balance as alleged in the Complaint. In addition, even if the claimed violations could have potentially created a deficiency in Wells Fargo's *prima facie* case for breach of contract, Yuan failed to designate any admissible evidence during the summary judgment proceedings to support her contention that she never received any paper statements, and, therefore, she failed to meet her burden to show that there was a gap in Wells Fargo's showing or a genuine issue of material fact precluding judgment in its favor. *See Sargent*, 27 N.E.3d at 731-32. Accordingly, Yuan has failed to persuade us that trial court's grant of summary judgment was erroneous.

## CONCLUSION

[22] Based on the foregoing, we conclude that Wells Fargo made a *prima facie* case for summary judgment based on admissible evidence which merited summary judgment in its favor.

[23] Affirmed.

[24] Najam, J. and Crone, J. concur